SAMUEL BAZAR, Respondent, v. GREAT AMERICAN INDEMNITY COMPANY, Appellant.

Argued March 5, 1954; decided April 8, 1954.

*James Conboy* for appellant. I. Margaret Davis and Alfred Davis violated the provisions of the insurance contract by failing to give the company a written notice of the happening of the accident. (*Weatherwax* v. *Royal Ind. Co.*, 250 N. Y. 281; *Nothhelfer* v. *American Sur. Co.*, 277 App. Div. 1009; *Whiteside* v. *North Amer. Acc. Ins. Co.*, 200 N. Y. 320; *Haas Tobacco Co.* v. *American Fidelity Co.*, 226 N. Y. 343; *McGrail* v. *Equitable Life Assur. Soc.*, 292 N. Y. 419; *Auerbach* v. *Maryland Cas. Co.*, 236 N. Y. 247.) II. Both insureds violated the terms of the insurance contract by failing to give any notice to the company for a period of twenty months. (*Reina* v. *United States Cas. Co.*, 228 App. Div. 108, 256 N. Y. 537; *Rushing* v. *Commercial Cas. Co.*, 251 N. Y. 302; *Haas Tobacco Co.* v. *American Fidelity Co.*, 226 N. Y. 343; *Abitante* v. *Home Ind. Co.*, 240 App. Div. 553; *Gullo* v. *Commercial Cas. Ins. Co.*, 226 App. Div. 429; *Vanderbilt* v. *Indemnity Ins. Co. of North America*, 265 App. Div. 495; *Dworkin* v. *Aetna Cas. & Ins. Co.*, 194 Misc. 501; *United States Print. & Lithograph Co.* v. *Powers*, 233 N. Y. 143; *Whiteside* v. *North Amer. Acc. Ins. Co.*, 200 N. Y. 320; *Hanna* v. *Commercial Travelers Mut. Acc. Ins. Assn.*, 204 App. Div. 258, 236 N. Y. 571.) III. Agent Fagan did not have any authority to waive the provisions of the policy which required written notice of the accident. IV. There was not any waiver by the company of the policy provisions. (*Gordon* v. *Massachusetts Bonding & Ins. Co.*, 229 N. Y. 424.) V. Plaintiff, Samuel Bazar. has only the

same rights under the policy that the insureds would have if they had personally paid his judgment. (*Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271; *Devitt* v. *Continental Cas. Co.*, 269 N. Y. 474.)

*Leo F. Boland* and *Joseph E. Walsh* for respondent. I. The contract does not conform to the Insurance Law and therefore must be enforced by including the standard provisions of section 167. (*Bakker* v. *Aetna Life Ins. Co.*, 148 Misc. 160, 240 App. Div. 880, 264 N. Y. 150; *Hicks* v. *British America Ins. Co.*, 162 N. Y. 284; *Hopkins* v. *Connecticut Gen. Life Ins. Co.*, 225 N. Y. 76; *Franklin* v. *John Hancock Mut. Life Ins. Co.*, 298 N. Y. 81.) II. The insurance company received adequate, timely and sufficient notice of the accident. (*Rushing* v. *Commercial Cas. Ins. Co.*, 251 N. Y. 302; *Woolverton* v. *Fidelity & Cas. Co. of N. Y.*, 190 N. Y. 41; *Chinn* v. *Butchers' Mut. Cas. Co. of N. Y.*, 190 Misc. 117; *Melcher* v. *Ocean Acc. & Guar. Corp.*, 226 N. Y. 51; *Haas Tobacco Co.* v. *American Fidelity Co.*, 226 N. Y. 343.) III. General agent Fagan did have the authority, by election, waiver or estoppel, to bind the insurance company after a loss. (*Smaldone* v. *Insurance Co. of North America*, 162 N. Y. 580; *Sergent* v. *Liverpool & London & Globe Ins. Co.*, 155 N. Y. 349; *Bishop* v. *Agricultural Ins. Co.*, 130 N. Y. 488; *Drennan* v. *Sun Ind. Co. of N. Y.*, 271 N. Y. 182; *Pechner* v. *Phoenix Ins. Co.*, 65 N. Y. 195; *Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380; *McNally* v. *Phoenix Ins. Co.*, 137 N. Y. 389; *Glazier* v. *Home Ins. Co.*, 190 N. Y. 6; *Matthews* v. *American Central Ins. Co.*, 154 N. Y. 449; *Poltrovitch* v. *Phoenix Ins. Co.*, 143 N. Y. 73.) IV. The insurance company accepted the notice it received as sufficient, waived further notice and is now estopped from asserting a failure of the notice. (*Dobson* v. *Hartford Fire Ins. Co.*, 179 N. Y. 557; *Syracuse Lighting Co.* v. *Maryland Cas. Co.*, 226 N. Y. 25; *Farrell* v. *Merchants Mut. Automobile Liability Ins. Co.*, 203 App. Div. 118; *Gerka* v. *Fidelity & Cas. Co.*, 251 N. Y. 51; *Moore* v. *United States Fidelity & Guar. Co.*, 293 N. Y. 119; *Creem* v. *Fidelity & Cas. Co.*, 141 App. Div. 493, 206 N. Y. 733; *Miceli* v. *Atlas Assur. Co.*, 130 Misc. 52, 225 App. Div. 723, 251 N. Y. 531; *Weed* v. *Hamburg-Bremen Fire Ins. Co.*, 133 N. Y. 394; *S. & E. Motor Hire Corp.* v. *New York Ind. Co.*, 255 N. Y. 69; *Brink* v. *Hanover Fire Ins. Co.*, 80 N. Y. 108.) V. By dis-

claiming liability the company is estopped from thereafter asserting a failure to give notice. (*Sherri* v. *National Sur. Co.*, 243 N. Y. 266; *Callahan* v. *London & Lancashire Fire Ins. Co.*, 98 Misc. 589, 179 App. Div. 890; *Selzer* v. *Baker,* 295 N. Y. 145.) VI. The nonwaiver agreement is void. (*269 Canal Street Corp.* v. *Zurich Gen. Acc. & Liability Ins. Co.*, 226 App. Div. 516, 252 N. Y. 603; *Dobson* v. *Hartford Fire Ins. Co.*, 86 App. Div. 115, 179 N. Y. 557; *Prentice* v. *Knickerbocker Life Ins. Co.*, 77 N. Y. 483; *Brink* v. *Hanover Fire Ins. Co.*, 80 N. Y. 108.) VII. The operator cannot foreclose the rights of the insured owner. (*Wenig* v. *Glens Falls Ind. Co.*, 294 N. Y. 195; *Sarine* v. *American Lumbermen's Mut. Cas. Co.*, 258 App. Div. 653.) VIII. The insured fully co-operated with the insurer.

DESMOND, J. This suit was brought under section 167 of the Insurance Law, by plaintiff, who had been injured on May 29, 1944, when struck by an automobile which was driven by Alfred Davis and owned by his wife, Margaret Davis, who was insured against liability by this defendant. No notice of the accident was given to anyone associated with this defendant until February 9, 1946, when an agent of defendant learned of it in a manner hereafter described. That, however, was oral notice and, on this record, no written notice was ever given by anyone to defendant, as insurer, until, in October, 1946, plaintiff brought a personal injury action (not the present action, of course) against Alfred and Margaret Davis, and the summons and complaint in that personal injury action were turned over to the company by Davis and his wife. Defendant disclaimed liability, but defended the personal injury action under an agreement signed by the company and by Davis and his wife, which permitted the company so to defend without waiving any of the policy provisions. One of those provisions, under which defendant there disclaimed liability, and now defends against this present suit by the judgment creditor, is in the policy as paragraph No. 6 under "CONDITIONS", as follows:

" 6. *Notice of Accident*

" When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain

particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.'' Besides that, there is stated in the policy, as paragraph No. 8 under '' Conditions '', the usual requirement that the insured shall co-operate with the company.

The personal injury action, defended by the company under the nonwaiver agreement (supra), resulted in a verdict and judgment for plaintiff against Davis and his wife, but plaintiff was unable to collect his damages from the Davises, and so brought this section 167 suit against the liability insurance carrier. The answer here pleaded, as a defense, the alleged failure of Mrs. Davis, the insured, to comply with the above-quoted policy provision requiring her to give written notice to the company as soon as practicable, and alleged, also, that Mrs. Davis had failed to co-operate with the company. The trial court directed judgment for plaintiff against defendant for the policy limit, plus interest and costs. The court, pointing out that there were practically no disputes of fact, found that Davis had failed to inform his wife of the accident and concealed the incident from her until February 9, 1946, during which period no report of the accident was given by either Davis to the insurance company. Other undisputed facts are these: on February 9, 1946, more than twenty months after the accident, Fagan, a general agent of defendant insurer, was making a call on Mrs. Davis in connection with some other insurance business at a tavern operated by Davis and his wife, when a State policeman entered the tavern and talked in a rear room to Davis, during the course of which Davis brought Fagan into the conversation, told Fagan that he (Davis) was in a '' jam '', and the State policeman told Fagan that there was evidence that a car driven by Davis had injured somebody, whereupon Fagan asked Davis whether the report was true and Davis said not to his knowledge, but the police officer said that he had the evidence; Fagan advised Davis to go with the trooper to a justice of the peace and straighten the matter out; thereupon, the trooper and Davis left the place and Fagan had a conversation with Mrs. Davis, who had not heard the talk between her husband and the policeman; she asked Fagan what the matter

was and he told her that the officer was investigating some kind of automobile accident involving her husband; after completing his other business with Mrs. Davis, Fagan left the tavern. Fagan testified that the next time he or the company heard anything about the accident was in October, 1946, when the personal injury suit was brought, and that, in the meantime, neither Mr. nor Mrs. Davis or anyone else had made any report to the company about the matter. Fagan said that after the tavern incident he never asked either Davis for any report of the accident and never told anyone else in his company about what he had heard at the tavern, although, a few days after the tavern talk, he (Fagan) had read in a newspaper that Davis had pleaded guilty to leaving the scene of an accident without reporting it and had been fined. An attorney testified that, a few days after the date of the tavern incident, he received a telephone call from Fagan, who asked the attorney whether the latter represented Samuel Bazar, the plaintiff here, whereupon the attorney said that he did, and Fagan told him that defendant insured the Davis car and that an adjuster would communicate shortly with the attorney, and that, later, defendant's claims manager talked to this attorney by telephone. Defendant's claims manager testified that he never heard of this accident until he received the summons and complaint in the action of Bazar against Davis and wife in October, 1946, and that Fagan had never mentioned the matter to him until after the commencement of the Bazar-against-Davis personal injury suit.

The trial court held that Mrs. Davis did not violate any of the policy provisions as to notice since, as the court found, notice was given by her to the company as soon as practicable, that is, that she and Fagan received the same notice of the accident, at the tavern on February 9, 1946. There is a formal finding, by the Trial Term, however, that no *written* notice was given by or on behalf of Mr. or Mrs. Davis. The Appellate Division, affirming, wrote a memorandum opinion in which it recited the pertinent facts, but gave no explanation of how the court disposed of the policy requirement of written notice.

Respondent attempts several answers to this difficulty about written notice. First, he asserts that condition No. 6 (*supra*), requiring written notice by the insured, is in conflict with para-

graph (c) of subdivision 1 of section 167 of the Insurance Law, which requires that the following quoted provision, or one equally or more favorable to the insured and to judgment creditors, shall be contained in every liability policy: " (c) A provision that notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer." In other words, plaintiff-respondent says that the policy provision No. 6 (*supra*) which, we are informed, appears in words or in substance in every automobile liability policy issued in this State, is invalid because it requires " written notice ", whereas paragraph (c) of subdivision 1, above quoted, refers to " notice " only. The first answer to that contention is in *Notthelfer* v. *American Sur. Co.* (277 App. Div. 1009, affd. 302 N. Y. 910) which held that a similar policy requirement of written notice by an insured did not contravene the Insurance Law and was valid. The earlier case of *Weatherwax* v. *Royal Ind. Co.* (250 N. Y. 281) had ruled, under former section 109 of the Insurance Law, which is identical with present section 167 in this precise connection, that such a policy could validly require written notice by the insured. Legislative history, which apparently was not before us when we decided the *Notthelfer* case, has come to our attention but it does not operate to make the *Notthelfer* case ruling incorrect, but, rather, confirms it. Former section 109 was one of the parts of the Insurance Law which was carefully scrutinized when the Insurance Department and a Legislative Commission conducted an elaborate study and revision of the Insurance Law in 1938. Before the 1938 revision, old section 109, which, as revised, became present section 167, said nothing about any notice by the injured person, but authorized a policy requirement " that notice given by or on behalf of the insured to any authorized agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed to be notice to the insurer ". One of the changes suggested by the revisers in the " Second Draft " of the 1938 revision was that the policy provision should set up a method whereby the injured person, too, could give an appropriate notice to the company.

In its original form that proposed addition did not specify that a notice to be given by the injured person or claimant should be in writing. However, a memorandum presented to the revisers by "The Association of Casualty and Surety Executives", in which memorandum the insurers objected to any mention of a notice by a *claimant*, said, also, that it was not clear to the underwriters what kind of notice the revisers intended should be given by an injured person or other claimant. In that memorandum on behalf of the insurers, it was pointed out to the revisers that liability policies generally provided (then as now) that written notice must be given by the insured to the insurer or agent as soon as practicable. In other words, the insurers reminding the revisers that, under old section 109, the policies required written notice by the insured, objected to any new statutory provision for a notice by the injured person, and said, further, that the proposed revised statute did not say what kind of notice from an injured person would be sufficient. The minutes of a public hearing held by a Joint Legislative Committee in Albany on November 18, 1938, contain a colloquy between the Chairman of the Insurance Department's Committee on Insurance Law Revision, and a spokesman for the casualty companies. The carriers' representatives argued against any provision as to notice by an injured person, but said that if there was to be such a provision, it should require " written notice " by the claimant, just as the policies required from the insured. For the Insurance Department, it was explained that the revisers had in mind certain supposed cases where an insured for some reason might not give notice to the company but where the injured person might give the insurer notice, and that the revisers were willing to provide that, if the insured gave no notice, notice from the injured person would be required to be in writing. Thus, all concerned were talking about the new proposed statutory law to the effect that notice requirements would be satisfied by the *injured person* giving a notice to the company when the insured had given no notice. The result of all this was that paragraph (c) of subdivision 1 of section 167, as finally passed, contained the old section 109 provision for " notice " by the insured, under which the policies

demanded written notice, and added a new requirement of "written" notice by an injured person. We conclude that the Legislature never intended to change the rule of the *Weatherwax* case that the provision for "notice" by the insured in the statute authorized a policy provision for "written notice" by the insured.

Respondent next argues to us that this insurance company did, in fact, receive adequate, timely and sufficient notice of this accident. Since Mrs. Davis, the insured, never heard of the accident until February 9, 1946, and since Fagan, the company's agent, got notice at the same time and place as Mrs. Davis did, she cannot be accused of failing to give timely notice. Whether or not that notice was "sufficient" in content, since it did not even tell the company who was injured, we need not determine. The difficulty is that it was not written notice.

Next, respondent argues that general agent Fagan had authority to bind the company, as to the matter of notice, by election, waiver or estoppel. The answer to this is in the policy itself, since condition No. 15 thereof says that "Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy", and that no term of the policy may be waived or changed except by an indorsement on the policy signed by one of several officers, not including this agent. This same question was before us in the *Notthelfer* case (*supra*) and we held that a no-waiver clause like the one in this policy is binding. Respondent says that defendant accepted as sufficient the notice to Fagan on February 9, 1946, and is estopped from asserting the failure of notice. There is nothing, however, in the record to show that Fagan or the company considered the tavern conversation as a sufficient notice to comply with the policy provisions. Indeed, the opposite appears, since, as testified, Fagan did not even tell the company about the conversation. Elsewhere in the brief, respondent argues that the nonwaiver agreement was void, but this argument is based on a contention that, on or about February 9, 1946, Fagan, receiving the information in the tavern, had bound the company to a waiver of further notice.

Because of the violation of the " written notice " provision of the policy, the judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

LEWIS, Ch. J., CONWAY, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Judgments reversed, etc.