Ruby Mae **PITTS**, Plaintiff-Appellee,

v.

THE AETNA CASUALTY & SURETY COMPANY, Defendant-Appellant.

No. 48, Docket No. 23135.

United States Court of Appeals, Second Circuit.

Argued Oct. 4, 1954.

Decided Dec. 8, 1954.

---

On August 6, 1952, plaintiff was injured when struck by an automobile. Discharged from the hospital on August 14, 1952, she retained Jules Chopak as her lawyer. His investigation disclosed that Hartford Wiley owned and had operated the automobile which struck the plaintiff. On September 4, 1952, Chopak sent Wiley a letter advising him of plaintiff's claim. Receiving no response, Chopak sent Wiley a similar letter on September 9, 1952, and again received no response.

The Aetna Casualty & Surety Company, on December 29, 1951, had issued an accident policy to Wiley covering his liability to others in automobile accidents, up to the amount of $10,000; this policy was in force when the accident in question occurred. On September 11, 1952, Griffith, an insurance broker who represented Wiley, sent the insurance company a letter notifying it of plaintiff's claim.[1] On either September 11 or September 17, the company received this letter together with Chopak's claim letter.

On September 17, 1952, plaintiff began suit against Wiley, in the New York Supreme Court, by serving him with a summons and complaint. The complaint stated the date of the accident and the nature of plaintiff's resultant injuries. On September 19, 1952, the company received from Griffith the plaintiff's summons and complaint.

On September 23, 1952, an employee of the company phoned Chopak, inquiring about plaintiff's claim; in answers to questions, Chopak then orally gave the company's employee the details of the accident. Until that telephone conversasion, neither Chopak nor plaintiff knew of the insurance policy. On October 7, 1952, the company wrote Griffith a letter disclaiming liability under the policy because no notice of the accident had been given to the company until September 11, 1952, although the accident had occurred on August 6, 1952.

In plaintiff's suit against Wiley, a judgment for plaintiff was entered on May 6, 1953, in the sum of $7,702.13. On the same day, plaintiff served Wiley and the insurance company a copy of that judgment with notice of its entry. The judgment was not paid.

On June 12, 1953, plaintiff began the present suit against the insurance company in the New York Supreme Court; the complaint was based on Section 167 of the New York Insurance Law, McK. Consol.Laws, c. 28. The case was remov-

---

1. The letter reads as follows:
      "Re:  No. ICA204366 H Wiley
              Accid 8/6/52
"Gentlemen:
  Please be inform of the following claim for Auto damages.
  Ruby Mae Pitts represented by
  Atty Jules Chopak — 261 B'way., N.Y.C.

This claim is for Bodily injuries sustained by The Claimant due to a accident on 138 St. Lenox Ave. — 8/6/52
  Hartford Wiley — 5 E. 118 Street, N.Y.C. — ICA 204366
  Your immediate attention to the adjustment of this claim will be greatly appreciated."

ed to the court below. At the close of the trial, the judge instructed the jury that it must consider that plaintiff "had given notice of the accident to defendant insurance company on the day it [the defendant] got notice from Wiley's broker, which was either on September 11 or September 17, 1952." The judge charged that the sole question for the jury was whether plaintiff did "as soon as reasonably possible after the accident, notify the defendant insurance company of the accident. * * * The accident happened on August 6, 1952. So that your question is whether it was reasonably possible for Mrs. Pitts and those representing her to notify the company between that date and the date when the insurance company received the notice from Wiley's broker." The jury returned a verdict in plaintiff's favor for $7,-702.31 with interest, or $8,106.66. From the judgment in that amount, entered on the verdict, defendant appeals.

The pertinent parts of § 167 of the New York Insurance Law read as follows:

"1. No policy or contract insuring against liability for injury to person, except as stated in subsection three, or against liability for injury to, or destruction of, property shall be issued or delivered in this state, unless it contains in substance the following provision or provisions which are equally or more favorable to the insured and to judgment creditors so far as such provisions relate to judgment creditors: * * *

"(b) A provision that in case judgment against the insured or his personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract, shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract.

"(c) A provision that notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer.

"(d) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible."

The policy issued by defendant contained this provision: "When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable."

Jules Chopak, New York City, for plaintiff-appellee.

William S. O'Connor, New York City (Benjamin H. Siff, New York City, of counsel), for defendant-appellant.

Before CLARK, Chief Judge, and L. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Section 167, subd. 1(d) of the statute provides that "failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible." On September 11 or September 17, 1952, or at most 42 days after the accident, the company received written notice from Wiley's broker. Assuming for the moment that this notice

sufficiently complied with § 167, subd. 1 (c), we think that the jury was not irrational in finding as it did.

2. We think the written notice from Wiley's broker satisfies the requirements of § 167, subd. 1(c). True, the notice was not "by or on behalf of the injured person", since Griffith acted not on plaintiff's behalf but on that of Wiley, the insured. We think, however, that the statute in using the disjunctive "or" —in the words "by or on behalf of the insured or * * * by or on behalf of the injured person"—does not require the injured person to give written notice, when one had already been given by or on behalf of the insured. The legislature, we think, intended to provide (a) that the insured company should receive written notice and (b) that, if the insured failed to give written notice, the injured person must do so. We cannot believe that the legislature meant to call for a useless ceremonial by the injured person. In Bazar v. Great American Indemnity Co., 306 N.Y. 481, 119 N.E.2d 346, as we read it, the court held that, had the insured given written notice, the injured person, although he gave no notice, could have recovered against the insurance company.[2]

3. Defendant argues that here, so far as Wiley, the insured, was concerned, his written notice was not timely either under § 167, subd. 1(d) or under the provisions of the policy, and that therefore that notice could not serve as a substitute for a timely written notice by plaintiff, the injured person. The trial judge supplied the answer to that argument in his charge to the jury, when he said: "[E]ven if you think that such a delay on the part of Mr. Wiley, the insured, to give notice would have been unreasonable, that would not answer the question before you. The question with respect to Mr. Wiley is entirely different because he was confronted with different circumstances from those which confronted Mrs. Pitts. The most important of these is that he knew that he was insured. Mrs. Pitts and her lawyer did not know about the insurance until after they had brought suit. * * * The injured person has to have a reasonable time to find out who injured him and then ascertain from the person who injured him, as best he can, whether he is insured and, if so, the name and address of the insurance company."[3]

Affirmed.

2. The court held that, although Section 167, subd. 1(c) speaks of "notice given by or on behalf of the insured" but speaks of "written notice" on behalf of the injured persons, a provision of an insurance policy calling for written notice by the insured is valid.

In the instant case, the trial judge in his charge said that "The insurance company had not only received a notice from Wiley's broker, but the summons and complaint which gave it complete notice of the accident." Bazar v. Great American Indemnity Co., 306 N.Y. 481, 119 N.E.2d 346, perhaps holds that the summons and complaint do not constitute written notice by or on behalf of the insured to the insurance company. But even if, as to the summons and complaint, the trial judge here erred, the error is immaterial since the written notice from Wiley's broker was alone enough, and the jury was not misled since this issue was not left to the jury.

The court in the Bazar case did not reach what was the main issue in the instant case: whether or not the injured party gave notice to the insurance company "as soon as reasonably after the accident." It would have been futile for the Bazar court to consider that question, for Bazar, the injured party, did not give notice to the company until twenty-nine months after the accident, which was not "as soon as reasonably possible," since he made no effort to determine whether the automobile which struck him was insured, and apparently learned of it, not through his own efforts, but by a telephone call from an agent of the insurer some twenty months after the accident.

3. It is suggested that the oral disclosure by plaintiff's lawyer to the company on September 23, 1952, may be regarded as a sort of adoption on plaintiff's behalf of the previous written notice, given on behalf of the insured. But we do not consider that suggestion because the judge did not leave to the jury the question whether a notice as late as September 23 was timely.

**62**

**L. HAND, Circuit Judge (concurring).**

I concur; but I am in more doubt than my brothers about the scope of Bazar v. Great American Indemnity Co., 306 N.Y. 481, 119 N.E.2d 346. I am disposed to confine it to a ruling that notice, if given by the insured, as well as if given by the injured party, must be in writing. On the facts the decision seems to have gone further; for it held that a delay by the insured to give notice defeated recovery by the injured party, who, so far as appears, was not dilatory after he learned of the insurance; but it is so unlikely that the injured person should be vicariously charged with the insured's delay that we may safely believe the decision to be limited to the point I mention.