HELEN GLUCK, as Administratrix of the Estate of CARL GLUCK, Deceased, Plaintiff, *v.* LONDON & LANCASHIRE INDEMNITY Co. OF AMERICA, Defendant.

Supreme Court, Trial Term, Kings County, December 14, 1954.

472

*Nathaniel Rothstein* for plaintiff.

*Edward Pacelli* for defendant.

BENJAMIN, J. Plaintiff moves for a new trial upon the grounds that error was committed in ruling upon the law and that further error was committed in the court's failure to submit to the jury questions of fact.

The action is predicated upon the disclaimer by the defendant of its obligations under an automobile liability policy issued to one Bennie Lieberman, against whom the plaintiff obtained a judgment of $13,000. The basis of the disclaimer is that the assured failed to give the insurance company notice as soon as possible, as required under the terms of the policy.

The accident upon which plaintiff's claim is founded occurred on October 24, 1947. The injured person was hurt by reason of his tripping over a fuel oil hose stretched from the assured's truck across the sidewalk to fill box in the course of delivery of fuel. It is conceded that the assured was fully aware of the accident and that he did not notify the insurance company thereof until March 10 or 11, 1948, when he turned over to it the

summons and complaint served upon him by the injured person. Section 167 of the Insurance Law provides that a failure to give the notice required by a policy of insurance shall not invalidate any claim made by the insured or any other claimant if it shall be shown that it was not reasonably possible to give such notice within the time prescribed and that notice was given as soon as was reasonably possible. The plaintiff urges that the assured's delay was not unreasonable under the circumstances because of an ambiguity in the policy. It is claimed that the assured was not aware that he had coverage under the terms of the policy and that he did not become aware of that fact until after he was served with the summons and complaint. The offering of this excuse for the delay in notifying the insurance company did not require the submission of the case to the jury. Such cases in which the question of timely notice was held to be an issue of fact for the jury have been concerned with controversial factual excuses for the delay as, for instance, unawareness that an accident had taken place. Such is not the case with the excuse here offered, which is a claimed lack of understanding of the extent of the policy coverage. The court found as a matter of law that the language of the policy is clear and unambiguous and by its very terms defines the coverage to include damages for personal injuries sustained through the use of a commercial vehicle while loading or unloading. The failure of the assured to read his policy and exercise due diligence in ascertaining his rights is not a circumstance creating an issue of fact as to whether or not he acted with due diligence. As was said in *American Sur. Co. of New York* v. *Mariani* (130 N. Y. S. 2d 755, 757): " And once knowledge of an accident is present, an assured cannot recede and do nothing at all; nor does sheer ignorance nor carelessness absolve him from the consequences of his do-nothingness."

The plaintiff further urges that there has been a waiver of the rights of the company to disclaim by reason of the fact that the disclaimer did not take place until twelve days after the company received the summons and complaint. In the opinion of the court no issue of fact exists here which can justify a jury in finding that there was any waiver on the company's part by its acts and conduct and in its investigation of the case. Certainly the positive reservation of the company's rights within three days after it obtained knowledge of the facts of the accident and the ultimate disclaimer within five days thereafter cannot be construed as a waiver of its rights under the terms of the policy.

It is now urged in effect that even if the assured failed to give

proper notice to the insurance company it would be immaterial since the plaintiff herein gave notice to the insurance company as soon as it was reasonably possible for her to do so, relying on paragraph (c) of subdivision 1 of section 167 of the Insurance Law, which provides that a liability policy must contain; " A provision that notice given by or on behalf of the insured, or written notice by or in behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer."

From the evidence it appears that the accident occurred on October 24, 1947, and that the attorneys for the plaintiff herein forwarded a claim letter to the assured in November, 1947; the assured then called the attorneys for the plaintiff and advised that he was not covered for the accident; on March 8, 1948, a summons and complaint was served by the plaintiff on the assured, who then turned it over to his broker, who in turn mailed it to the defendant's agent.

Although paragraph (d) of subdivision 1 of section 167 provides that a claim will not be invalidated " if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible ", the evidence adduced at the trial is insufficient, as a matter of law, to show that the delay in the giving of such notice was reasonable under the circumstances.

The motion for a new trial is denied.