■ HELEN GLUCK, as Administratrix of the Estate of CARL GLUCK, Deceased, Appellant, v. LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, Respondent.— Action against the insurer of the owner of the motor vehicle involved in an accident, pursuant to paragraph (b) of subdivision 1 of section 167 of the Insurance Law, to recover the limit of coverage under the policy ($5,000) and costs. This action was predicated upon an unpaid judgment for $13,935.85, obtained by appellant against said insured. The insured had had a prior accident during the term of said policy which contained a provision making it subject to applicable financial responsibility laws. The appeal is from a judgment entered upon the direction of a verdict for respondent and from an order denying appellant's motion for a new trial. Judgment and order reversed and a new trial granted, with costs to appellant to abide the event. It appears that there is a triable issue as to whether a timely notice was served upon respondent (*Bazur* v. *Great Amer. Ind. Co.*, 306 N. Y. 481; *Wagman* v. *American Fidelity & Cas. Co.*, 304 N. Y. 490, 494; *Muller* v. *Sun Ind. Co. of N. Y.*, 276 App. Div 1028), assuming that a notice was required in the circumstances (Vehicle and Traffic Law, §§ 94-e, 94-q, subd. [i], par. [1]; *Atlantic Cas. Ins. Co.* v. *Bingham*, 10 N. J. 460). In the interests of justice, a new trial should be had. Beldock, Hallinan and Kleinfeld, JJ., concur. Wenzel, Acting P. J., and Ughetta, J., dissent and vote to affirm, with the following memorandum: The terms and conditions of the policy issued by respondent called for written notice of an accident "as soon as practicable". About four and one-half months after the happening of the accident, the respondent received from its insured a copy of a summons and complaint in an action brought by the injured party against the insured. This was respondent's first notice of the accident. Such notice did not comply with the policy conditions. (*Smith* v. *Zurich Gen. Acc. & Liability Ins. Co.*, 303 N. Y. 948.) The trial court considered the Insurance Law (§ 167, subd. 1, pars. [c], [d]) and also the evidence adduced at the trial. Under the circumstances of this case, the direction of a verdict in favor of the respondent was proper. [207 Misc. 471.]