Henry Clay Greenberg, J.
The complaint sets forth an action for declaratory judgment based upon plaintiff’s disclaimer of liability grounded in the alleged noncompliance by certain defendants — the insured — with condition 9 of the insurance policy in suit requiring written notice of accident.
The credible proof is that the accident occurred on June 15, 1956 and that no written notice thereof was given to the plaintiff insurance company until October 26, 1956. The alleged oral *453 notice to the company’s agent is disputed by the representative of the company and his testimony is accepted by the court. In the court’s opinion, the foregoing circumstances completely fail to constitute compliance with the clear, specific requirements of the policy. (See Bazar v. Great Amer. Ind. Co., 306 N. Y. 481.) Defendants cite Public Serv. Mut. Ins. Co. v. Hudson Properties (15 Misc 2d 963); there the issue related to the applicability of an exclusion clause to the specific facts and, moreover, whether the unusual circumstances warranted an estoppel of the insurer’s disclaimer of liability. In Barrett v. Century Ind. Co. (115 N. Y. S. 2d 729), which the defendants urge is substantially on all fours with the issue at bar, the court determined that allegations of the insured affecting notice must be accepted as true on motions to dismiss and for judgment on pleading. The additional cases cited by the defendants are similarly inapplicable to or distinguishable from the present issues.
Judgment is directed in favor of the plaintiff and against the defendant as prayed for in the complaint. Findings of fact and conclusions of law were waived. This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment.