G. Robert Witmer, J.
Defendant Travelers Insurance Company issued the usual automobile accident insurance policy for the year ending in August, 1955 to defendant George Bostwick, covering the latter’s tractor for use in connection with hnnling trailers. Bostwick used the tractor on April 8. and 9, 1955 to haul a trailer, owned by one Beaney and loaded with bananas, from New’ York City to Syracuse, New York. With respect to said tractor-trailer unit, under section 59-a of the Vehicle and Traffic Law, Bostwick and Beaney became “ jointly liable *889 and responsible for * * * injuries to person or property resulting from negligence in operation by any person legally using or operating the same ”. Since defendant Travelers Insurance Company is the principal defendant in this action, for convenience it will hereinafter be referred to as the defendant, and defendant Bostwick will simply be referred to as “ Bostwick ”.
It appears that plaintiffs had undertaken to secure the safe transportation of said bananas, and they employed Bostwick to carry them to Syracuse. To protect the bananas from cold plaintiffs placed in the rear of the trailer a propane gas heater and instructed Bostwick to check it from time to time to see that the temperature was right. This Bostwick undertook to do. During the trip to Syracuse, at one point Bostwick opened the rear doors of the trailer to inspect the temperature and a serious explosion occurred, injuring him as well as nearby property and the trailer.
Within four days thereafter Bostwick notified defendant of the occurrence. The latter made some investigation, and later paid some property claims arising out of damages caused in the area by the explosion.
In August, 1955 Bostwick instituted an action against the plaintiffs for his personal injuries. He alleged therein that these plaintiffs were negligent in the manner in which they installed the propane gas heater in the trailer, including failure to provide a vent, knowing that the gas flame of the heater would exhaust the oxygen in the trailer and expire, and that thus gas might escape dangerously and cause resulting damage.
On August 27,1956 plaintiffs, through their insurance carrier, the Hartford Accident and Indemnity Co., orally asked defendant Travelers Insurance Company to join it in the defense of said action and sent defendant a copy of the complaint in the action. This was the first notice that defendant Travelers Insurance Company had of the institution of said action. Defendant declined to join in such defense. Plaintiffs then instituted this action for declaratory judgment. On November 5, 1957 Mr. Justice Fb.edeb.ic T. Henby of this court denied defendant’s motion for summary judgment herein (8 Misc 2d 589). Thereafter Bostwick’s action against plaintiffs was tried before a jury, and judgment was entered upon a verdict in his favor in the sum of $3,457.90 on April 15, 1958 and has been paid by or on behalf of the plaintiffs.
The complaint in this declaratory judgment action was then amended, a new answer was interposed, and this case was tried before this court.
*890 Defendant contends that it was not liable to the plaintiffs herein, (1) by reason of their failure to comply with the policy provision requiring written notice by or on behalf of the insured to the defendant as soon as practicable, (2) by reason of their failure to forward immediately to the defendant the summons or other process received by them when the action was instituted, and (3) because the damage arose by reason of plaintiffs’ negligence in installing the heater in the trailer and not through any 11 negligence in operation by any person legally using or operating the same ”, as provided in section 59-a of the Vehicle and Traffic Law.
Condition No. 1 of defendant’s policy requires that “ when an accident occurs written notice shall be given by or on behalf of insured to the company * * * as soon as practicable.” It is much too late for plaintiffs to argue, as they do, that paragraph c of subdivision 1 of section 167 of the Insurance Law vitiates this provision of the policy requiring written notice of accident from the insured to the company. (Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127, 129; Bazar v. Great Amer. Ind. Co., 306 N. Y. 481, 487.) Hence the court must determine whether written notice was given to the defendant “ by or on behalf of the insured * * * as soon as practicable.” The only evidence of notice to the defendant from plaintiffs is that, on August 27, 1956, 16% months after the accident and approximately a year after the action was instituted, their agent asked defendant to defend. In view of the situation of the parties and the ease with which plaintiffs could have ascertained the identity of the insurer of Bostwick’s tractor, their notice to defendant to defend was clearly late and ineffectual. (See Deso and Bazar cases, supra; Acosta v. Roach, 12 Misc 2d 494.)
The plaintiffs contend however that, since by statute (Vehicle and Traffic Law, § 59-a) they and Bostwick are jointly liable for any damage caused in the operation of the tractor or trailer, they are entitled to the benefit of the notice given by Bostwick to defendant.
The insurance policy requires that written notice be given by the insured ‘ ‘ when an accident occurs ’ ’, but it does not specify the particulars, if any, which need be reported concerning the accident nor the types of claims which may grow out of the accident. Since the policy does not exclude personal injury claims by the insured, defendant is deemed to have known that its coverage under the policy extended to a personal injury claim by. Bostwick. (Ætna Cas. & Sur. Co. v. General Cas. Co., 285 App. Div. 767, 771; Royal Ind. Co. v. American Cas. Co., 5 Misc 2d 533 [App. Term].)
*891 The court assumes that plaintiffs stand in the same position as defendant Bostwick concerning the notice of accident. There is no evidence that this notice was in writing as required by the policy. Upon the evidence, however, that, after receiving notice of the accident from Bostwick, defendant investigated to some extent and paid some property claims of third persons arising out of the accident, it is held that the notice of accident from Bostwick was sufficient and, if it was not in writing, such provision of the policy was waived by the defendant.
The policy contains the further provision, Condition 2, as follows : “If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.”
Bostwick, the insured, sued the plaintiffs and made no claim against or demand upon defendant Travelers Insurance Company. Since plaintiffs claim the right to be treated as coinsureds of Bostwick, they have the duty to establish reasonable compliance with the terms of said policy. If this were a case where plaintiffs did not know or did not have ready means of ascertaining who Bostwick’s insurer was, considerable latitude would be granted plaintiffs in giving the insurer notice as required by the policy. (Lauritano v. American Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028.) In the case at bar, however, when Bostwick began his action against the plaintiffs, they had the means of ascertaining promptly, if indeed they did not already know, the identity of Bostwick’s insurer. In view of the special nature of the plaintiffs ’ claim, that is, to be declared to be a coinsured of Bostwick who was suing them, plaintiffs had the duty to give prompt notice to defendant of Bostwick’s action against them. Plaintiffs having permitted approximately a year to elapse after the action was instituted against them before notifying the defendant thereof, I hold that as a matter of law the notice was too late and that the defendant had the right by reason thereof to disclaim.
In view of the foregoing determination it is unnecessary to consider defendant’s remaining contention that the accident was not within the coverage of its policy.
It is held, therefore, that defendant Travelers Insurance Company was not obliged to defend the plaintiffs in Bostwick’s action against them and has no responsibility to pay any part of the damages sustained by the plaintiffs' in their defense of said action.
Submit findings and judgment accordingly.