Arthur Wachtel, J.
This is a motion by the third-party defendant Cosmopolitan Mutual Insurance Co. to set aside the verdict of the jury in favor of plaintiff and for judgment notwithstanding the verdict in favor of the third-party defendant.
Cosmopolitan Mutual Insurance Co. was impleaded as a third-party defendant in the above-entitled action in which the plaintiffs sued for personal injuries and loss of services. It was alleged by the plaintiffs in the main action that the infant plaintiff was bitten by a dog owned by the defendant and third-party plaintiff Luis Bios. The action was predicated upon negligence. The third-party defendant Cosmopolitan was impleaded on the basis of a policy of liability insurance issued to the third-party defendant Luis Bios. Cosmopolitan disclaimed obligation under the policy.
In accordance with an order entered April 21, 1965, the main action for personal injuries was tried separately from the third-party action. A judgment was entered in favor of the plaintiffs and against the defendant in the amount of $427.90.
Upon the trial of this action it appeared that the said disclaimer was made in a letter dated November 6, 1963, in that approximately over five months after the alleged occurrence said third-party plaintiff failed to give “ due and timely notice.” The accident occurred on April 8, 1963, and the first notice received was on September 23, 1963, when the summons and complaint was forwarded to the company.
In its answer, the Cosmopolitan not only set up the defense of failure of timely notice, which was the only ground for disclaimer asserted in its letter of November 6, 1963, but also set up the defense of lack of coverage.
In respect to the question of timely notice, the policy provides in paragraph 9 of “ Conditions ” as follows: “ When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents, as soon as is practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.”
The third-party plaintiff Luis Rios gave as his reasons for the delay in notifying the Cosmopolitan Mutual Insurance Co. until he received a summons and complaint, (a) that he knew plaintiff’s family and did not believe they would bring an action against him and (b) that he did not know that he was covered under the policy for a case involving the biting of a third person *591 by a dog which had run out from the premises into the roadway where the accident occurred.
This case is controlled by the law set forth in Gluck v. London & Lancashire Ind. Co. of America (207 Misc. 471, revd. 2 A D 2d 751, affd. 2 N Y 2d 953). (See, also, American Sur. Co. of N. Y. v. Mariani, 130 N. Y. S. 2d 755, affd. 286 App. Div. 1083; Mason v. Allstate Ins. Co., 12 A D 2d 138; Greyhound Corp. v. General Acc. Fire & Life Assur. Corp., 14 N Y 2d 380, 386.)
The defendant is correct in contending that a proffered excuse which is indicative of negligence and lack of diligence, will not be sufficient to exonerate an unreasonable failure to satisfy the requirements of the notice clause of the insurance policy. (Mason v. Allstate Ins. Co., supra.)
If the only excuse offered is that plaintiff knew the injured party’s family and did not think he would be sued, no question of fact would be presented for the jury. Defendant argues that if the only excuse offered was that 'the insured failed to read the policy, he should not be relieved thereby from the requirement of giving notice as soon as practicable. But, that is not the case. The plaintiff contends that he did not know that the policy covered a dog-bite case. This presents a question of fact whether a reasonable and prudent man would know that the policy did, in fact, cover this ease and whether under the circumstances in this case there was reasonable and adequate excuse for the delay in the notice and whether notice, in fact, was given as soon as practicable. (Gluck v. London Lancashire Ind. Co., supra.)
In respect to the question as to whether or not there was coverage, the policy provides in paragraph 1 that the defendant agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by any person caused by accident and arising out of the “ hazards hereinafter defined.” “ Hazards ” are defined as ‘ ‘ the ownership, maintenance or use of the premises and all operations necessary or incidental thereto In paragraph 3a of “definitions” under “ Conditions,” it is provided: “ Premises. The unqualified word ‘ premises 5 means the premises designated in the declarations and includes the ways immediately adjoining on land.” The question arises, therefore, whether the occurrence of this accident in the roadway in front of the premises designated in the policy, namely, 583 Union Avenue in The Bronx, was covered by the policy.
The attorney for the Cosmopolitan argues that there is no coverage because there was testimony by Naomi Rios, one of *592 the witnesses on behalf of the plaintiff, that the incident occurred only three feet from the opposite sidewalk. However, the said witness did state that it did occur in the roadway. The attorney for the Cosmopolitan states in the memorandum in support of the motion: “It is indisputable that although such a policy may cover a driveway or walk immediately adjoining the premises, it cannot be said to cover incidents occurring beyond the center of a roadway.” The answer to this statement is the testimony of the witness Philip Prendel, who is employed by the Cosmopolitan as a legal expert to determine the questions of coverage under these policies. In his capacity as an expert, he testified as follows:
“ Q. "Where does the coverage cease? A. Ways and means immediately adjoining.
“ Q. The sidewalk in front of the house? A. Yes, it would.
“ Q. It would what? A. Cover it.
“ Q. The sidewalk in front of the house? A. That’s right.
“ Q. The roadway right in front of the house? A. Yes, it would.
“ Q. So it would cover the sidewalk — the roadway on the street in front of the house; is that correct? A. You are widening it now. How far are you going?
“ Q. I got to the sidewalk and I got to the roadway? A. Right; immediately in front of the house.
“ Q. I am talking about immediately in front of the house? A. Yes.
“ Q. In direct line; in the front? A. How far are you going?
“ Q. I want to know. You are the expert. A. You are asking me the questions, sir.
“ Q. We are up to the roadway, aren’t we? A. You are in the roadway.
‘ ‘ Q. Are we up to the other sidewalk on the other side ? A. I don’t know. Are you ?
“ Q. I am up to the other side. A. No coverage.
“ Q. Why not? A. Its the ways and means immediately adjoining.
“ Q. But the roadway is immediately adjoining? A. Right next to the house, it is.”
On redirect examination he further testified that coverage would not extend to “ across the street.” The testimony follows:
“ Q. You said that the policy would cover an accident occurring on the premises or immediately in front of the premises? A. That is correct.
“ Q. Mr. Weisberg said something about the roadway. A. That is right.
*593 “ Q. Immediately adjacent to the premises. Would it cover this? A. Yes.
“ Q. Would it cover across the street? A. No sir, it would not.
“ Q. Why would it not? A. Because it is away from the ways and means immediately adjacent the premises.”
Accordingly, upon the basis of this expert testimony, a question of fact was raised as to whether the point in the roadway at which the accident occurred was within “ the ways immediately adjoining on land.” Implicit in the jury’s verdict is a finding of fact that it was. Defendant’s attorney argues that “ although such a policy may cover a driveway or walk immediately adjoining the premises, it cannot be said to cover accidents occurring beyond the center of a roadway.” But, no such definitive limitation appears in the policy, nor did the testimony conclusively require such an interpretation. The provisions of the policy did not precisely limit the area of coverage to the center of the roadway in front of the premises. The defendant drafted the policy. If the provisions of coverage are vague and require reasonable construction, it cannot now complain as its attorney states that the jury’s finding “ does violence to the clear and expressed terms of the policy.”
The attorney for the defendant would have the court find as a matter of law that if the dog runs out into the roadway and stops short at the center of the roadway and bites the child there, the plaintiff is covered, but let the dog step beyond the center line of the roadway in chasing the errant infant, then the obligation of the defendant ceases. The jury refused to adopt this reasoning and the court may not set its verdict aside. Accordingly, the motions are denied.