■ GLOBE INDEMNITY COMPANY, Respondent, v. FRANK AGATE et al., Defendants, and JAMES M. MANNIX, as Executor of BERNARD J. TRAVERS, Deceased, Appellant. (Action No. 1.) ALLSTATE INSURANCE COMPANY, Appellant, v. FRANK AGATE et al., Defendants; GLOBE INDEMNITY COMPANY, Respondent, and JAMES M. MANNIX, as Executor of BERNARD J. TRAVERS, Deceased, Appellant. (Action No. 2.) — In consolidated actions for declaratory judgment (Action No. 1 is for a declaration, *inter alia,* that plaintiff insurer therein properly disclaimed liability on the automobile liability insurance policy it had issued to defendant Frank Agate; and Action No. 2 is for a declaration, *inter alia,* that plaintiff insurer therein is not liable on the uninsured motorist indorsement of the automobile liability insurance policy which it had issued to Bernard J. Travers [deceased]), defendant James M. Mannix, the executor of Bernard J. Travers' estate, and plaintiff in Action No. 2, Allstate Insurance Company, appeal from a judgment of the Supreme Court, Nassau County, dated December 16, 1970, and made after a nonjury trial, which granted relief as sought in the complaint in Action No. 1 and dismissed the complaint in Action No. 2. Judgment reversed, on the law and the facts, with costs to appellants jointly, and it is adjudged and declared that (a) the policy of insurance issued by plaintiff in Action No. 1, Globe Indemnity Company, to defendant Frank Agate was in full

force and effect on October 19, 1968 when the automobile owned by Frank Agate and driven by his son, defendant Wayne Agate, struck Bernard J. Travers, now deceased; (b) Globe Indemnity Company is obligated under this policy of insurance to defend on behalf of Frank and Wayne Agate any action heretofore brought or which in the future may be brought by defendant James M. Mannix, as executor of the estate of Bernard J. Travers, deceased, or by any successor personal representative of that estate, arising out of said accident and to pay any judgments which may be entered therein against Frank and Wayne Agate to the extent of the monetary liability coverage in said policy issued to Frank Agate; and (c) plaintiff in Action No. 2, Allstate Insurance Company, is not obligated, under the policy of insurance which it had issued to said Bernard J. Travers, to arbitrate with James M. Mannix, as executor of Bernard J. Travers' estate, or any successor personal representative that may be appointed for that estate, any claims which may arise out of said accident. On October 19, 1968 Mannix' testator, Travers, was critically injured by an automobile owned by Frank Agate and operated by Agate's son, Wayne. He was rendered unconscious and so remained until his death four weeks later. Wayne was charged with unlawfully leaving the scene of the accident. At the time of the accident, this automobile was insured under a family liability insurance policy which Globe had issued to Frank Agate. Travers was then insured under the standard New York liability insurance policy which had been issued to him by Allstate. In view of his disability, Travers could not retain an attorney to represent and protect his interests and rights arising out of the accident. However, Mannix, his son-in-law and the named executor in his will, is an attorney at law. He wrote to Frank Agate making a claim on behalf of Travers on November 13, 1968. On that day he (1) also tried to contact the attorney who represented Wayne Agate in connection with the charge against the latter for unlawfully leaving the scene of the accident and (2) wrote to the Motor Vehicle Bureau to ascertain the name and address of the insurance company, if any, that covered the liability of the Agates on the day of the accident. On December 13, 1968, Mannix received a response from the Motor Vehicle Bureau informing him that an automobile liability insurance policy issued by Globe and covering the Agates' liability was in effect on the date of the accident. A decree appointing Mannix as executor of Travers' estate was entered in the Surrogate's Court, Nassau County, on December 31, 1968. Mannix learned about his appointment on January 6, 1969. On that day he wrote to Globe informing it of the accident to Travers and making a claim on behalf of Travers' estate. In our opinion, Mannix, as executor of Travers' estate, duly notified Globe of the accident, as provided in section 167 (subd. 1, pars. [c], [d]) of the Insurance Law, on behalf of Travers, the "injured person", and on behalf of Travers' next of kin as "other claimant", "as soon as was reasonably possible" (cf. *Lauritano* v. *American Fid. Fire Ins. Co.*, 3 A D 2d 564, 567, 568, 571, affd. 4 N Y 2d 1028; *Manhattan Cas. Co.* v. *Hoynacky*, 33 A D 2d 919; *Pitts* v. *Aetna Cas. & Sur. Co.*, 218 F. 2d 58, 61, 62, cert. den. 348 U. S. 973). (See, also, EPTL 5–4.1, concerning accrual of a cause of action in favor of next of kin for wrongful death and the necessity for the appointment of a personal representative of the decedent to prosecute such cause; and EPTL 11–3.2, concerning the right of a decedent's personal representative, only after his appointment as such, to act for the decedent upon a personal injury claim.) Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.