In the Matter of the Arbitration between ROBERT A. KAISER, Petitioner, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.

Supreme Court, Special Term, Queens County, June 14, 1962.

*Edward J. Weber, Jr.,* for petitioner. *Evans, Orr, Gourlay & Pacelli* for respondent.

HAROLD J. CRAWFORD, J. This is an application to compel arbitration.

On October 2, 1961, the petitioner was allegedly injured when an automobile which he owned and operated was in collision

with an automobile owned and operated by Walter J. Bauer. After the accident, Bauer was arrested on a charge of driving while intoxicated. In response to a question by a patrolman, he stated at that time that he was covered by liability insurance. On several other occasions he told the petitioner that he was insured. Upon Bauer's appearance in court on the aforesaid charge, his attorney assured the court, in the presence of the petitioner, that he was covered by liability insurance. Bauer has never been charged with violating the Financial Responsibility Act for operating an uninsured vehicle.

Sometime after the accident, the petitioner commenced a negligence action against Bauer. The latter's insurance company, however, never appeared in that action. On March 18, 1962, Bauer gave the petitioner's attorney, in the presence of petitioner, a cancellation notice, evidencing the cancellation of his insurance policy on November 21, 1961, approximately seven weeks after the accident. This was the first time the petitioner was made aware of the identity of Bauer's liability insurance carrier. On March 23, 1962, in response to a communication by the petitioner's attorney, Bauer's insurance company, American Employees, Inc., informed the said attorney that the company was not liable at the time of the accident and that it would disclaim liability. On the next day, the attorney wrote to the respondent, explaining the situation. On March 30, 1962, a notice of disclaimer was received from American Employees, Inc., in which it was stated that the policy had been cancelled prior to the accident. On the following day, a formal notice of claim was presented to the respondent. The respondent rejected this claim on April 14, 1962, on the ground that it had not received timely notice of the claim.

The petitioner's rights in this matter derive from a certain policy of automobile liability insurance which he had purchased prior to the accident. Pursuant to subdivision 2-a of section 167 of the New York Insurance Law, there was required to be included with this policy a provision insuring the petitioner for any sums he might be entitled to recover for personal injuries from the owner or operator of an uninsured automobile or from the owner or operator of an insured automoble, the insurer of which has disclaimed liability or denied insurance coverage. The said subdivision states that any liability insurance policy issued or delivered in this State which does not contain such a provision shall be construed as if such a provision were embodied therein. Any sums the petitioner is entitled to receive by reason of his insurance policy are to be paid by the respondent, a corporation set up for that purpose. The statute does not

specify the manner in which disputes between an insured person and the respondent shall be settled but gives the board of directors of that corporation the power to prescribe the terms and conditions to be set forth in the mandatory provision.

The provisions required by the statute were partially embodied in the " New York Automobile Accident Indemnification Endorsement " which was attached to the petitioner's automobile liability insurance policy. Condition number 6 of this indorsement provides in part as follows: " If any person making claim hereunder and MVAIC do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and MVAIC do not agree shall be settled by arbitration ".

The Court of Appeals has very recently indicated that arbitration under this condition is limited to the issue of negligence of the financially irresponsible motorist and the resulting question of damages. (*Matter of Rosenbaum* [*American Sur. Co. of N. Y.*], 11 N Y 2d 310.) Any questions regarding conditions precedent to arbitration are to be determined by the court pursuant to section 1450 of the Civil Practice Act.

In addition to the claim that notice to it was not timely, the respondent contends that the petitioner is barred from relief on the ground that Bauer was insured at the time of the accident. This contention is based upon the purported notice of cancellation of Bauer's insurance policy by American Employees, Inc., on November 21, 1961. This is the notice which was exhibited to the petitioner's attorney on March 18, 1962. A copy of this notice is attached to the motion papers.

In the opinion of the court, this contention of the respondent has no merit. Petitioner is one of those persons for whose benefit the aforesaid subdivision of the Insurance Law was enacted. He claims to be legally entitled to recover damages from the owner and operator of an insured automobile, the insurer of which has denied coverage. To deny him the right to proceed against the respondent because Bauer was insured would be to ignore the plain and obvious meaning of the statute. (*Matter of Motor Vehicle Acc. Ind. Corp.* [*Holley*], 33 Misc 2d 567.)

No question of fact is presented on this issue. Respondent asserts as a matter of fact that Bauer was insured at the time of the accident. It does not deny that Bauer's insurance company has denied coverage. Accordingly, unless the petitioner

has breached one of the conditions of his insurance contract, he has the right to proceed to arbitration on his claim. If the respondent believes that American Employees, Inc., was not justified in denying coverage, then it may proceed against that company pursuant to the subrogation provisions of its contract of insurance with the petitioner.

There remains the further question raised by the respondent with respect to the timeliness of notice given to it by the petitioner. One of the conditions of petitioner's insurance policy is that notice of the claim is to be given to MVAIC within 90 days or as soon as practicable. Concededly, notice was not given within 90 days. It is well settled, however, that the phrase " as soon as practicable " requires that notice be given within a reasonable time under all of the circumstances. (*Deso* v. *London & Lancashire Ind. Co.*, 3 N Y 2d 127; *Allstate Ins. Co.* v. *Manger*, 30 Misc 2d 326.) The burden of proving that any delay in giving notice was reasonable is upon the insured. (*Rushing* v. *Commercial Cas. Ins. Co.*, 251 N. Y. 302.) Where the insured offers an excuse tending to show that the delay was reasonable, there is a triable issue as to whether notice was timely. (*Gluck* v. *London & Lancashire Ind. Co.*, 2 A D 2d 751, affd. 2 N Y 2d 953.)

In the case at bar, if it was reasonable for the petitioner under the circumstances to believe that Bauer was covered by insurance at the time of the accident, then his delay in giving notice to MVAIC until after American Employees, Inc., denied coverage would not be a breach of the condition to give notice as soon as practicable. Since MVAIC, however, denies that such delay was reasonable, a question of fact has been raised which must be determined by the court before the instant application can be granted or denied. (*Matter of Motor Vehicle Acc. Ind. Corp.* [*Brown*], 15 A D 2d 578.)

Accordingly, the matter is referred to an Official Referee to hear and report on the issue of whether, in view of all of the circumstances, petitioner's delay in giving notice to the respondent was reasonable. The application will be held in abeyance pending the report of the Official Referee.