Nicholas M. Pette, J.
Petitioner instituted this proceeding to compel arbitration pursuant to the provisions embodied in the “ New York Automobile Accident Indemnification Endorsement ’ ’ which was attached to his automobile liability insurance policy, as required by subdivision 2-a of section 167 of the New York Insurance Law.
It is not disputed that on October 2, 1961, at 11:00 a.m., on Metropolitan and Hillside Avenues, the petitioner’s automobile and the automobile of one Walter J. Bauer were involved in an accident.
This matter originally was presented to Mr. Justice Crawford at Special Term, who rendered a decision reflecting rare judicial perception and erudition, and referred the matter to the undersigned, then an Official Referee, to hear and report on the issue of whether, in view of all of the circumstances, petitioner’s delay in giving notice to the respondent was reasonable (35 Misc 2d 636).
When this matter came before this court for trial on September 13, 1962, counsel for both sides stipulated upon the record that the motion theretofore made before Mr. Justice Crawford, as aforesaid, be disregarded and that this court determine the matter de novo, as a Justice of the Supreme Court. They also stipulated that the order of reference of Mr. Justice Crawford dated June 28, 1962, be vacated and that the issues to be determined by this court were: (A) Was the tort-feasor (Walter J. Bauer) insured on October 2, 1962, at 11:00 a.m., and (B) if the court determines that the tort-feasor was uninsured, then Avas notice given by the claimant (petitioner) to the respondent, within the terms of the aforesaid indemnification indorsement?
The petitioner called five witnesses who testified in his behalf, including said tort-feasor Bauer, and offered two exhibits which were received in evidence. The respondent produced no witnesses or documentary evidence in its behalf.
*726 There is no dispute that on April 19, 1961, Bauer purchased automobile liability policy No. X-1017977 issued by the American Employers’ Insurance Company and that the policy was financed through the Lafayette Bank.
The testimony discloses that on October 23,1961, in the Vehicle and Traffic Court in Kew Gardens, Queens, petitioner’s attorney and Bauer had a conversation in which, in answer to said attorney’s question, Bauer told him that he was insured. As a result of that conversation the attorney sent a summons and complaint to the Long Island Process Service, hut the latter was unable to serve Bauer because he had moved; subsequently, however, service was made on February 15, 1962. Bauer testified that he forwarded the summons and complaint to the American Employers’ Insurance Company but that it sent the same back to him with a letter dated March 30,1962, stating that his policy had been cancelled for nonpayment effective October 2, 1961, at 12:01 a.m., and that notice of such cancellation was forwarded directly to him, also suggesting that he refer the matter immediately to his own personal attorney to interpose an appearance and answer to the summons and complaint served upon him. Said letter was received and marked in evidence as petitioner’s Exhibit 2.
Bauer also testified that subsequent to the accident he received a notice from the bank, dated November 8, 1961, which' was marked and received in evidence as petitioner’s Exhibit 1, notifying him that effective November 21,1961, policy No. X-1017977 of the American Employers’ Insurance Company was cancelled.
Robert Pehnke, representing Robert Pehnke Corporation, who produced and sold the aforesaid insurance policy, called on behalf of the petitioner, testified that said policy was cancelled on October 2, 1961, at 12:01 a.m., which was about 11 hours prior to the occurrence of the accident.
The attorney for the petitioner testified that on March 18, 1962, he received from Mr. Bauer petitioner’s Exhibit 1; that it was then that he first ascertained who the insurance carrier was and that he notified said carrier that it was in default in appearing and answering the summons and complaint served upon Bauer; that on March 23, 1962, he was informed by said carrier that it was not covering Mr. Bauer for any liability; that its policy had terminated 11 hours prior to the accident and that it was not bound by it; that on March 24, 1962, he notified the respondent that he wished to file a notice of an intent to sue; that on March 30, 1962, he received notice from the American Employers’ Insurance Company, petitioner’s Exhibit 2; that on March 31, 1962, be filed with the respondent the written state *727 ment of intent to sue, and, after he received respondent’s notice of disclaimer on April 14,1962, the demand for arbitration. He also testified that he asked Bauer for the name of his insurance carrier, but that Bauer told him that he did not know the name but had proof of coverage; that he had an insurance policy and would produce it as soon as he could find it.
The documentary evidence, petitioner’s Exhibit 2, discloses that Bauer’s insurance company had cancelled his policy 11 hours prior to the occurrence of the accident. Accordingly, this court determines that at the time of said accident Bauer was not covered by liability insurance.
Concededly, notice to the respondent was not given within 90 days. One of the conditions of Bauer’s insurance policy was that such notice be given within 90 days after the occurrence of the accident “ or as soon as practicable ”. The courts have held that the phrase “ as soon as practicable ” requires that notice be given within a reasonable time under all the circumstances. (Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127; Allstate Ins. Co. v. Manger, 30 Misc 2d 326.)
I find that in the case at bar it was reasonable for the petitioner to believe under all the circumstances, that Bauer was covered by insurance at the time of the accident, and that the delay in giving notice to respondent until after the insurance carrier denied coverage, was not a breach of the condition to give notice as soon as practicable. Accordingly, this court finds and determines that notice was given to the respondent within the terms of the indorsement. The petitioner’s motion for arbitration is granted.