■ JOHN MORGAN et al., Respondents, v. TRAVELERS INSURANCE COMPANY, Appellant.— In an action pursuant to section 167 of the Insurance Law, the appeal is from a judgment entered on a jury verdict in favor of respondents. On November 21, 1952 respondent John Morgan, then an infant, was injured while riding as a passenger in a motor vehicle owned by one Earl Mays and driven by one Robert W. Mays. An action brought against said owner and operator resulted in the entry of a judgment in favor of the infant and his guardian ad litem. This action was brought against appellant as the insurer of Earl Mays under a binder allegedly issued by appellant's agent about four days before the accident. Judgment reversed and a new trial granted, with costs to abide the event. The binder provides that the parties are bound "by the terms * * * of the policy * * * in current use by the Company". The policy then in current use required that written notice of an accident be given to the company or any of its authorized agents. Under the circumstances, it was error for the court to charge that written notice was not necessary and that oral notice was sufficient. The policy provides, and appellant admitted, that written notice to appellant's agent would be sufficient. The insured testified that within a few days after the accident he visited appellant's agent, who then "filled out all the papers and everything about the accident." Evidence as to this written notice to appellant's agent should be explored on the new trial. Nolan, P. J., Beldock and Hallinan, JJ., concur; Murphy and Ughetta, JJ., concur in the reversal of the judgment but dissent from the granting of a new trial and vote to dismiss the complaint, with the following memorandum: According to Dowling, appellant's purported agent, the alleged binder was written by him, after he had obtained certain information from Earl Mays, for submission, not to appellant, but to the New York Automobile Assigned Risk Plan. Mays paid nothing for the alleged binder. Appellant was never informed of its existence until February 8, 1954, which was after judgment by default had been taken by respondents against Mays. There is a dispute as to whether Mays even furnished Dowling with oral notice of the accident. By reference, a provision in the binder required Earl Mays to furnish *written* notice as soon as practicable. That requirement, obviously, was made for the purpose of eliminating disputes such as the one here, as to oral notice. It is undisputed that Mays did not give written notice. Dowling, despite the filling out of "all the papers and everything about the accident", attributed to him by Mays, had no power to accept oral notice in lieu of written notice (*Bazar* v. *Great Amer. Ind. Co.*, 306 N. Y. 481, 489; *Nothhelfer* v. *American Sur. Co. of N. Y.*, 277 App. Div. 1009, affd. 302 N. Y. 910).