Charles Margett, J.
This is an action by an insurance carrier for a judgment declaring its rights and obligations under an automobile liability policy issued to Florence Manger and insuring a motor vehicle owned by defendant Jacob L. Manger. The policy was in force on July 13,1959, when the insured vehicle was operated by defendant Juan I. Cabrera with defendant Manger’s permission and consent. On that date the vehicle in question was involved in an accident on 19th Street near Ninth Avenue, New York City, in which defendant Phil Loiodice, a pedestrian residing in New Jersey, was injured.
On the date of the accident Cabrera sent an MV 104 form to the Bureau of Motor Vehicles in Albany. He there listed the name and address of Loiodice, stating that the latter was injured in the accident. The plaintiff was also named as the liability insurance carrier and the number of the policy noted.
The first notice the plaintiff had of the accident was on September 18, 1959, 68 days after the occurrence, when copies of a summons and complaint in an action brought in this court, entitled “Phil Loiodice v. Jacob J. Manger and Juan I. Cabrera,” were forwarded by the insureds.
Thereafter and sometime prior to October 9, 1959, plaintiff caused statements to be taken from both insureds. On that date it sent a letter to Florence Manger who, although she was the named insured in the policy, was not made a party either to the negligence action or to the instant action for a declaratory judgment. This letter reads as follows:
On September 18, 1959, we received a Supreme Court of the State of New York: County of Queens, Summons and Complaint in the action entitled “ Phil Loiodice against Jacob J. Manger and Juan I. Cabrera”.
We have not had an opportunity to determine whether the accident, which is the subject of Phil Loiodice’s suit, is covered by our policy since this is our first notice of subject claim. We have not had an opportunity to determine whether the terms of the policy, if it does cover, have been complied with. We will resolve these questions as soon as it is reasonably possible for us to do so, and we will immediately notify you and Mr. Loiodice of the results of this investigation and study as may be required.
We hereby reserve whatever rights we have until we make such determination, and our service of the notice of appearance or answer is intended to be *328 without prejudice to whatever rights we have to enforce the terms of the policy and made for the purpose of preserving whatever rights you had when you forwarded the Summons and Complaint to us, and so that no default might be taken against you pending our determination of our right to disclaim or continue the defense of the ease on your behalf, as the situation might later require.
A copy of this letter was sent to the defendant Loiodiee in care of his attorneys. Similar letters were sent to defendants Cabrera and Manger on October 14, 1959.
The plaintiff then designated attorneys to defend Manger and Cabrera in Loiodiee’s negligence action. An answer was interposed and a bill of particulars demanded. Copies of Loiodiee’s hospital records were obtained.
On December 24 and 30, 1959 Cabrera and Manger, respectively, were served with the summons and complaint in the instant action. Loiodiee was served with the summons and complaint on June 2, 1960, when he was examined before trial by the defendants in the negligence action.
Plaintiff claims that the 68-day delay in giving it notice of the accident was a violation of the following condition of the policy: “In the event of accident, occurrence or loss, written notice containing all particulars shall be given by or for the insured to Allstate as soon as practicable.” Its position is that such delay was prejudicial in that it was unable promptly and properly to investigate the facts and circumstances of the accident.
It is well settled that the foregoing condition in a policy requires that written notice be given within a reasonable time under all of the circumstances. (Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127; Mason v. Allstate Ins. Co., 12 A D 2d 138.) It is “ unquestioned that a failure to satisfy the requirements of this clause by timely written notice vitiates the contract as to both the insured and thé plaintiff recovering a judgment against him ”. (Deso v. London & Lancashire Ind. Co., supra, p. 129; Bazar v. Great Amer. Ind. Co., 306 N. Y. 481; Mason v. Allstate Ins. Co., supra.) While an injured person may preserve his rights by giving his own notice to the insurer (Insurance Law, § 167, subd. 1, par. [d]), such notice must also be given within a reasonable time under all of the circumstances (Mason v. Allstate Ins. Co., supra). A more liberal standard, however, is applied as to what delay is reasonable (Marcus v. London & Lancashire Ind. Co., 6 A D 2d 702, affd. 5 N Y 2d 961). The burden of proving that the delay was reasonable is upon the injured person or the insured, as the case may be. (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302; Mason v. Allstate Ins. Co., supra.)
*329 Delay on the part of an insured to give notice may he excused where he lacks knowledge of the accident or of an injury and also where there is a justifiable lack of knowledge of the fact that there was insurance coverage. If such excuses are claimed then there is a triable issue as to whether the notice was timely. (Gluck v. London & Lancashire Ind. Co., 207 Misc 2d 471, revd. 2 A D 2d 751, affd. 2 N Y 2d 953.) Delay on the part of the injured party to give notice may be excused where he had difficulty ascertaining the identity of the insured or the insurer (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028), but he must show that he exercised diligence. (Safeguard Ins. Co. v. Baldauf, 20 Misc 2d 667.)
Where no excuse is offered the question of whether notice was timely is one of law for the court. (Greenwich Bank v. Hartford Fire Ins. Co., 250 N. Y. 116, 128.) Thus unexcused delays of 51 days (Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127, supra), 27 days (Reina v. United States Cas. Co., 228 App. Div. 108, affd. 256 N. Y. 537), 22 days (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302, supra), 30 days (Mason v. Allstate Ins. Co., 12 A D 2d 138, supra) and 49 days (Abitante v. Home Ind. Co., 240 App. Div. 553) have been held as matter of law to violate the condition of the policy.
In the case at bar neither the insureds nor the injured person claim an excuse for not giving notice. The insureds were aware of the accident and of the identity of the injured victim. The latter could have learned the identity of the insurer from the MV 104 form which was received in Albany on July 15, 1959, as well as directly from the Motor Vehicle Bureau. The 68-day delay was, therefore, unreasonable as matter of law.
Even if the delay were not unreasonable, as matter of law, the plaintiff has shown that it was prejudiced. Walter Kraak, its claims evaluator, testified that the normal procedure in the plaintiff’s office, upon notification of an accident involving an insured, is immediately to begin an investigation, in the course of which the insured driver and the possible claimant are interviewed, a canvass is made of the scene of the accident to ascertain the identity of any witnesses, the scene itself is inspected for debris, skid marks or anything that would contribute to preserve the facts of the accident and the insured vehicle is photographed for any probative evidence in regard to the accident. Also, if personal injury may be involved, a physical examination of the claimant is obtained and, in order to save expenses-, an attempt is made to settle the claim before an attorney is retained.
*330 The defendant Loiodice has asserted four defenses in his answer which will he considered in inverse order. The fourth, to the effect that the plaintiff was not prejudiced by the delay and in any event such delay was not unreasonable, has already been considered and rejected.
It is claimed in the third defense that inasmuch as the insurance policy was issued pursuant to the compulsory insurance law, Loiodice’s rights were fixed upon the happening of the accident and consequently the subsequent failure of the insured to comply with the terms of the policy did not ‘ ‘ vitiate, nullify or modify the obligations of the plaintiff” to him. A similar contention was considered by Mr. Justice McDonald in General Acc. Fire & Life Assur. Corp. v. Martino (12 Misc 2d 935). The court held that the rights of the injured party are not fixed at the time of the accident; that while the Safety Responsibility Act (Vehicle and Traffic Law, art. 7) specifically stated that the liability of the insurance company became absolute at the time of the accident, such a provision does not appear in the new Compulsory Insurance Law (art. 6). The court expressly held that under the Safety Responsibility Act absolute liability was solely statutory and that, since no similar provision is contained in the compulsory insurance act, an insured person’s rights against the carrier may be defeated by the failure of the insured to notify the insurer of the accident as soon as practicable. (See Teeter v. Allstate Ins. Co., 9 A D 2d 176, 184.) Accordingly, this defense is without merit.
By way of his second defense, Loiodice claims that the plaintiff, by undertaking the defense of his negligence action, waived its right to disclaim and is now estopped from disclaiming. The court is of the opinion that had the plaintiff undertaken to defend the negligence action without any reservation, there would be no question that such defense would constitute a waiver of any prior act or omission on the part of the insured. Here, however, the plaintiff sent letters to all of the parties in interest expressly stating that it intended to reserve its rights and was undertaking the defense of the negligence action only to preserve rights and to protect the defendants from a default judgment.
The defendant cites Matthews v. Glens Falls Ins. Co. (21 Misc 2d 1079) for the proposition that such a reservation of rights must be assented to by the insured. The case relied upon by the court in Matthetvs held, however, that, while an insured must assent to a reservation by the insurer, this assent may be through tacit acquiescence. (Weatherwax v. Royal Ind. Co., 250 N. Y. 281, 287.) It was said in O’Dowd v. American Sur. *331 Co. (3 N Y 2d 347, 355) that “it is also well established that an insurer may, by timely notice to the insured, reserve its right to claim that the policy does not cover the situation at issue, while defending the action ”. Where, as here, an insured failed to reply or otherwise to object to the reservation of rights contained in the plaintiff’s letters, no waiver by the carrier was held to have resulted. (Safeguard Ins. Co. v. Baldauf, 20 Misc 2d 667, 671, supra.) In Jewtraw v. Hartford Acc. & Ind. Co. (280 App. Div. 150, 154) the court stated that “ All the company was bound to do was to give fair notice to the insured that it did not intend to waive its rights under the policy by proceeding with a defense of the action ”.
Nor has the plaintiff’s conduct been such so as to give rise to an estoppel. To have that result, the conduct must have misled the defendants into changing their position to their detriment. (O’Dowd v. American Sur. Co., 3 N Y 2d 347, supra; Lavine v. Indemnity Ins. Co., 260 N. Y. 399, 409.) The defendant insureds have not shown any change in position in reliance on the plaintiff’s conduct in undertaking the defense of the negligence action. As far as they are concerned, the fact that the plaintiff undertook that defense was probably to their advantage.
As far as prejudice to Loiodiee is concerned, he, too, has not shown that he has been prejudiced by the plaintiff’s undertaking of the defense of his action. He claims, however, by way of his first defense that 1 ‘ under the provisions of the Insurance Law of the State of New York the plaintiff cannot deny coverage or disclaim liability for injuries arising out of a motor vehicle accident unless it gives written notice, as soon as reasonably practicable, of such denial of coverage or disclaimer of liability to the assured and the injured party ’ ’, and because plaintiff has failed to give such notice, it is required to defend the negligence action and to pay any judgment or portion thereof that may be awarded therein. This defense is predicated upon the provisions of subdivision 8 of section 167 of the Insurance Law reading as follows: “ If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.”
The foregoing provisions were originally contained in paragraph (e) of subdivision 1 of section 167, which was enacted as part of chapter 759 of the Laws of 1958 that created the Motor *332 Vehicle Accident Indemnification Corporation, hereinafter referred to as the MVAIC. The New York State Legislative Annual for 1958 states (p. 246) that paragraph (e) was added to subdivision 1 of section 167 of the Insurance Law ‘ ‘ in order to implement” the MVAIC law “by prescribing a standard provision to be contained in every liability insurance policy issued in this State requiring that in case the insurer shall disclaim liability or deny coverage, it shall give written notice as soon as reasonably possible of the disclaimer of liability or the denial of coverage to the insured person or any other claimant.” The foregoing paragraph (e) of subdivision 1 was repealed and present subdivision 8 enacted in its place, without change in substance, in order to render this provision applicable only to motor vehicle liability policies. (New York Legis. Ann. 1959, p. 277.)
It is to be noted that subdivision 8 of section 167 of the Insurance Law requires an insurer to give ‘ ‘ written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.” Plainly, therefore, not until there has been a disclaimer or denial of coverage is the insurer obliged to give notice thereof to anyone.
The record does not show that plaintiff has ever disclaimed unless the service of the summons and complaint in this action for a declaratory judgment constitutes a disclaimer. In the opinion of this court no such effect can be given thereto. An action for a declaratory judgment ‘1 enables a _ party whose rights, privileges, and powers are endangered, threatened, or placed in uncertainty, to invoke the aid of the court to obtain a declaration of his rights or légal position before he subjects himself to damages or loss.” (22 Carmody-Wait, New York Practice, p. 696 [emphasis supplied]; Town of Ohio v. State of New York, 264 App. Div. 220.) That is precisely why plaintiff instituted the present action.
In its complaint herein plaintiff alleges that “ the question of notice to the plaintiff necessarily determined the plaintiff’s obligations to the defendants” (par. “Ninth”) and that the aforesaid question of notice and of policy coverage “cannot be definitely or conclusively determined ” (par. “Tenth”) in the negligence action ‘ ‘ presently being defended by attorneys designated by the plaintiff herein subject however to a reservation of rights on the part of the plaintiff pending determination as to its obligations, if any, under the said policy” (par. “Eleventh”). In its prayer for relief plaintiff seeks a judgment declaring that the 68-day delay in- the giving of notice *333 by its insured constituted a violation of one of the material conditions of the policy, that it was prejudiced by such delay and that as a result plaintiff is not required to defend the negligence action.
Beyond question then, the very nature of this action, the contents of the complaint and the relief prayed for show that thus far there has been no disclaimer or denial of coverage. Plaintiff has done no more than seek a judicial declaration that it may disclaim. It follows, therefore, that the first defense is also without merit.
Assuming for the sake of argument that the institution of this action were held to constitute a disclaimer and that plaintiff violated the provisions of subdivision 8 of section 167 of the Insurance Law by failing to give written notice of such disclaimer to the injured person within a reasonable time, the same result would follow. The statute itself provides no sanction for its violation. It may be that an insurer who fails to comply with the provisions thereof may render itself liable to administrative action, but nothing in the statute expressly or impliedly warrants an interpretation that a failure to give the notice required would result in nullifying an insurer’s disclaimer or denial of coverage.
That is not to say, however, that the injured person is totally without remedy. One of the objects of the Motor Vehicle Accident Indemnification Corporation Law is to protect a victim of an automobile accident in the event of disclaimer of liability or denial of coverage by an insurance carrier insuring the vehicle causing the accident. (Insurance Law, § 600, subd. [2], cl. [6].) Subdivision (c) of section 608 of the Insurance Law provides that, where such an insurer disclaims liability or denies coverage because of some act or omission of the insured, the injured person, if qualified, may file notice of intention to file a claim with the MVAIC “ within ten days of receipt of notice * * * of such disclaimer or denial of coverage.” The defendant Loiodice is a qualified person under that chapter (id., § 601, subd. b, cl. [2]) inasmuch as the State of New Jersey, of which he was a resident, has a reciprocity statute. (N. J. Rev. Stat. [1955-1958 Cum. Supp.], § 39:6-62.) Since this court finds that plaintiff has not yet disclaimed, it follows that the 10-day period provided in said subdivision has not yet begun to run. At the very earliest it would seem not to commence until the injured person has been served with a copy of the judgment in this action. Judgment as prayed for in the complaint, but without costs, is accordingly granted in favor of the plaintiff.