█ NATHANIEL WARREN, Respondent, v. MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.— Order of the Supreme Court, Westchester County, dated August 31, 1966, reversed, without costs, and plaintiff's motion for summary judgment denied, without costs. Oral notice of the accident to the insurance broker who obtained the policy under the Assigned Risk Plan was not written notice to the insurer or to its authorized agent within the meaning of the statute and the policy provisions (*Cortes* v. *Hartford Acc. & Ind. Co.*, 14 Misc 2d 1062; *Allen* v. *German Amer. Ins. Co.*, 123 N. Y. 6, 15; *Bazar* v. *Great Amer. Ind. Co.*, 306 N. Y. 481; *Manufacturers Cas. Ins. Co.* v. *Hughes*, 229 Ark. 503; *Iowa Nat. Mut. Ins. Co.* v. *Richards*, 229 F. 2d 210). The record is inadequate to determine whether, as a matter of law, the notice given to the defendant was given as soon as it was reasonably possible to give the notice (cf. *Lauritano* v. *American Fid. Fire Ins. Co.*, 3 A D 2d 564, affd. 4 N Y 2d 1028; *Appell* v. *Liberty Mut. Ins. Co.*, 22 A D 2d 906, affd. 17 N Y 2d 519; *Cohen* v. *Atlantic Nat. Ins. Co.*, 24 A D 2d 896; *Allstate Ins. Co.* v. *Manger*, 30 Misc 2d 326). Moreover, the facts as to defendant's possible waiver of the untimeliness of the notice should be explored on a trial. No issue has been raised as to whether the insured should have been joined as a party. Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.