ANNE E. JENKINS et al., Respondents, v JOSUE G. BURGOS et al., Defendants, and AMERICAN TRANSIT INSURANCE COMPANY, Appellant.

First Department, February 28, 1984

APPEARANCES OF COUNSEL

*Daniel Siegel* of counsel (*Mitchell Falber* with him on the brief; *Kaufman & Siegel, P. C.,* attorneys), for respondents.

*Marshall A. Bernstein* of counsel (*Bernstein & Gershman,* attorneys), for appellant.

OPINION OF THE COURT

KASSAL, J.

The issue on this appeal is whether the injured party gave timely notice of the accident to the insurer and whether oral notification will suffice where the policy, statute and cases in this State uniformly require that written notice be given. The trial court held that notice by telephone, which was disputed by the insurer, was sufficient compliance with the policy. We disagree and, accordingly, reverse the order and judgment and declare that the insurer had no obligation to defend or indemnify its in-

sured in the underlying negligence action as a result of the breach of the notice provision of the policy, a condition precedent to coverage.

On October 7, 1976, plaintiff Anne Jenkins, a passenger in a motor vehicle owned by Josue Burgos and operated by Wesley Kelly, was injured in an automobile accident with a vehicle owned by Angel Gutierrez and operated by Ferdinand Gomez. In December, 1976, plaintiffs instituted the underlying negligence action. Concededly, no notice was ever given by Burgos, the insured, to his insurer, American Transit Insurance Company (American Transit), and neither Burgos nor Kelly appeared or answered in the personal injury action. At the time the action was commenced, plaintiffs, through their attorneys, submitted to the Department of Motor Vehicles a request for insurance information on the Burgos vehicle and thereafter received its FS-25 form, reflecting that on December 27, 1976, a search of motor vehicle records revealed that the Burgos vehicle had been insured by American Transit.

Although plaintiffs admittedly had knowledge of the identity of the insurer in December, 1976, no written notice of the accident was sent to American Transit until August 14, 1978, when plaintiff's counsel wrote to apprise the insurer of the accident, enclosing a copy of the FS-25, the MV-104 prepared by Gomez, the operator of the other vehicle, with copies of the summons and complaint in the underlying negligence action and with proof of service. After subsequent follow-up letters on September 6 and 7, 1978, American Transit, on September 11, 1978, disclaimed coverage and refused to defend Burgos, relying, *inter alia,* upon the failure of its insured and the injured claimants to properly notify the insurer of the accident or the suit within a reasonable time, as required by the policy. Thereafter, on September 13, 1978, the attorneys for Jenkins rejected the disclaimer, advising that they would treat it as a nullity and requested the carrier to appear in the action, asserting that on November 2, 1976 counsel had reported the accident by telephone to the insurer's claims office. This declaratory judgment action was brought in July, 1979 for a declaration that American Transit was obligated to defend and indemnify Burgos in

the underlying action and that its disclaimer of coverage was invalid.

When the declaratory judgment action came on for trial, the insurer sought an adjournment to present its in-house counsel as a witness, alleged by the carrier to be the only person with knowledge of the facts bearing upon the disclaimer. The request was denied and the case proceeded to trial, with the only witness being the attorney for the injured party, who testified that on November 2, 1976, less than one month after the accident, he telephoned American Transit and spoke with a claims examiner, Robert Pinkerton, advising him of the accident. According to plaintiffs' attorney, Pinkerton responded that "he had no record of the accident". American Transit denied that there had been oral notice, which it claimed was insufficient compliance with the policy in any event. It is conceded that there was no written notice from the injured party until August of 1978, 1 year and 10 months after the accident and no follow-up correspondence to confirm the alleged telephone conversation. Nor did the injured party apprise the insurer of the particulars with respect to the accident or forward copies of the summons and complaint after the action had been commenced.

Following trial, it was found that the oral notice and the written notification almost two years later were sufficient. On that basis, the trial court held "it would be contrary to public policy to state that if — that you could just walk away from this just because your assured did nothing. You had some responsibility in this." Accordingly, the court declared that American Transit had to defend and indemnify its insured in the underlying action.

It is a well-established principle that the failure to comply with provisions of an insurance policy requiring timely written notice of an accident vitiates the contract, both as to the insured and to one injured or damaged by his acts (*Deso v London & Lancashire Ind. Co.*, 3 NY2d 127, 129; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440; *Rushing v Commercial Cas. Ins. Co.*, 251 NY 302, 304-305). Policy provisions which require "immediate notice", "notice as soon as practicable" and "notice as soon as reasonably possible", as well as other like terms,

have all been interpreted to require that notice be given within a reasonable time under the circumstances. Ordinarily, the reasonableness of any delay and the sufficiency of the excuse offered is a matter for trial. In the absence of excuse or mitigating factors, however, the issue poses a legal question for the court and, in such circumstances, relatively short periods have been found to be unreasonable as a matter of law (*Deso v London & Lancashire Ind. Co., supra* [51 days]; *Rushing v Commercial Cas. Ins. Co., supra* [22 days]; *Haas Tobacco Co. v American Fid. Co.,* 226 NY 343 [10 days]).

Thus, the notice provision of the policy is a condition precedent to coverage and where there has been insufficient compliance, the insurer is relieved of liability without any proof of resulting prejudice from the late notice. The operative standard is reasonableness under the circumstances and is statutorily imposed, section 167 (subd 1, par [d]) of the Insurance Law providing: "(d) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible."

Where the insured has failed to abide by the policy provision respecting notice, thus relieving the carrier of its obligations under the policy, the breach of the condition likewise operates to preclude an injured claimant from any benefits thereunder. (*Rushing v Commercial Cas. Ins. Co.,* 251 NY, at pp 304-305; *Deso v London & Lancashire Ind. Co.,* 3 NY2d, at pp 130-131.) In such a case, as was observed by Chief Judge CARDOZO in *Rushing,* "[t]he plaintiff, the judgment creditor, stands in the shoes of the assured, and must abide by his case when suing on the policy" (251 NY, at pp 304-305). There, the injured party had recovered a judgment against the insured and sought to proceed against the insurer as a judgment creditor, the court holding that the absence of timely notice from the assured operated as a bar.

It is now recognized, however, that a liability insurance policy is not a matter strictly between the insured and the

insurer. Injured accident victims have a genuine interest in securing the protection afforded by such liability coverage. To avoid a harsh result where an act or omission of the insured operated to relieve the insurer from liability and, thus, preclude any recovery by an injured claimant, the Legislature amended section 167 of the Insurance Law (L 1939, ch 882) to create an independent right in the injured party in terms of notice. The statute (Insurance Law, § 167, subd 1, par [c]) frees the injured party from dependence upon the diligence of the assured by requiring that every liability policy contain: "(c) A provision that notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer."

The statute operates to create an independent right in the injured party to give notice of the accident and thereby satisfy the requisite condition to coverage. As a result, where the injured person proceeds diligently in ascertaining coverage and in giving notice, he is not vicariously charged with any delay by the assured (*Bazar v Great Amer. Ind. Co.,* 306 NY 481; *Pitts v Aetna Cas. & Sur. Co.,* 218 F2d 58). In evaluating the propriety of notice given by the injured party, it has been clearly established that such notice is not to be judged by the same standards, in terms of time, as govern notice by the insured, since what is reasonably possible for the insured may not be reasonably practical for the injured person (*Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 568, affd 4 NY2d 1028). The sufficiency of notice is determined by the prospects for giving notice available to the injured person, not by those available to the assured, and the mere passage of time does not make resulting delay unreasonable. In each case, the test is one of reasonableness, measured by the diligence exercised by the injured party in light of the prospects afforded to him under the circumstances (see *Matter of Allstate Ins. v Flaumenbaum,* 62 Misc 2d 32, 36).

However, an injured party has no better or greater rights than the assured (*Marcus v United States Cas. Co.,* 249 NY 21, 24) and, as with the insured, there must be timely and

proper compliance with the notice condition of the policy. This is in recognition of the importance to the insurer of prompt notice for investigation while the events are fresh and to ascertain whether a defense exists. Where there is late notice and no mitigating factors or acceptable excuse, it has been held that the claimant failed to act with due diligence in ascertaining the existence of available insurance and in furnishing requisite notice (see *Matter of Lloyd [MVAIC]*, 23 NY2d 478, 482; *Allstate Ins. Co. v Manger,* 30 Misc 2d 326). In *Matter of Lloyd (MVAIC) (supra)* the Court of Appeals affirmed our order, upholding the disclaimer by MVAIC, although there had been separate notice of the accident by another injured claimant.

It is well established in this State that the notice called for by the statute requires written notice, whether by the insured or by the injured party (*Allstate Ins. Co. v Furman,* 58 NY2d 613, affg for reasons stated in opn of WEINSTEIN, J., 84 AD2d 29; *Bazar v Great Amer. Ind. Co.,* 306 NY, at pp 488-489; *Warren v Merchants Mut. Ins. Co.,* 27 AD2d 575; *Morgan v Travelers Ins. Co.,* 8 AD2d 945; see, also, 8 Appleman, Insurance Law and Practice, § 4737; 13A Couch, Insurance 2d [rev ed], § 49:107). In *Bazar v Great Amer. Ind. Co. (supra)* the Court of Appeals traced the history of section 167 (subd 1, par [c]) of the Insurance Law (306 NY, at pp 488-489): "Thus, all concerned were talking about the new proposed statutory law to the effect that notice requirements would be satisfied by the *injured person* giving a notice to the company when the insured had given no notice. The result of all this was that paragraph (c) of subdivision 1 of section 167, as finally passed, contained the old section 109 provision for 'notice' by the insured, under which the policies demanded written notice, and added a new requirement of 'written' notice by an injured person. We conclude that the Legislature never intended to change the rule of the *Weatherwax* case [*Weatherwax v Royal Ind. Co.,* 250 NY 281] that the provision for 'notice' by the insured in the statute authorized a policy provision for 'written notice' by the insured." (Emphasis in original.)

Similarly, in *Pitts v Aetna Cas. & Sur. Co. (supra)* the Second Circuit Court of Appeals, interpreting section 167 (subd 1, par [c]) of the Insurance Law, concluded, "[t]he

legislature, we think, intended to provide (a) that the insured company should receive written notice and (b) that, if the insured failed to give written notice, the injured person must do so" (218 F2d, at p 61).

Nor is there any basis, either in logic or in law, for the unsupported concept that the statute (Insurance Law, § 167, subd 1, par [c]) only requires written notice by the injured person when given to a licensed agent of the insurer and that, where notice is given directly to the insurer, oral notice would suffice. Such a construction, inconsistent with the statutory language, overlooks that the reference in the statute to "any licensed agent of the insurer" was designed to authorize notice to an insurer's agent, as opposed to a licensed broker, who is an agent of the insured. The authorities in this State have drawn such a distinction between brokers and agents (see *Allen v German Amer. Ins. Co.,* 123 NY 6; *Northrup v Piza,* 43 App Div 284, 289, affd 167 NY 578; *Caccamise v Metropolitan Cas. Ins. Co.,* 252 App Div 521; 3 Richards, Insurance [5th ed], §§ 473, 474). Viewed in that context, the clear purpose of that branch of the statute recognizes the general principles which govern the relationship between an agent and his principal that notice to an agent while acting within the scope of his duty constitutes notice to the principal (see, generally, 3 NY Jur 2d, Agency, §§ 259, 260, 261; *Ford v Grand Union Co.,* 268 NY 243, 252, mot for rearg den 268 NY 664; *Reynolds v Snow,* 10 AD2d 101, 109, affd 8 NY2d 899). No rationale exists for requiring a stricter standard in giving notice to a licensed agent than that applicable to the principal, the insurer, since notice to the agent is notice to the principal and any knowledge acquired by the agent is, by the relationship, imputed to the insurer.

The recent disposition by the Court of Appeals in *Allstate Ins. Co. v Furman (supra)* is dispositive on the issue. The statute, consistent with the standard liability policy provision, requires that written notice be given and, accordingly, oral notice is insufficient. In *Allstate Ins. Co. v Furman,* the court sustained the propriety of the disclaimer by the insurer, holding there was no obligation to defend or indemnify its assured in the underlying action brought by the infant plaintiff (84 AD2d, at p 31): "Our

starting point, of course, must be the issue of sufficiency of the notice that was given. The policy requires that when an occurrence takes place giving rise to Allstate's obligations under the comprehensive personal liability section of its policy, 'written notice shall be given by or on behalf of the insured to Allstate or any of its authorized agents as soon as practicable.' Trial Term was clearly correct in ruling that this clause was not satisfied; *the notice given to Allstate on the telephone shortly after the accident was insufficient because it was not written* (see *Warren v Merchants Mut. Ins. Co.*, 27 AD2d 575; *Morgan v Travelers Ins. Co.*, 8 AD2d 945), and the written notice given six years later was not 'as soon as practicable.' We hold, moreover, that even under section 167 (subd 1, par [d]) of the Insurance Law, the notice was not sufficient * * * in the instant case, not only was it possible to give notice within the prescribed time, but the notice was not given as soon as reasonably possible in any event. Daniel's parents at all times knew about the accident and injury, and yet failed to communicate this information in writing to Allstate for six years. We conclude, then, that the notice provision of the insurance policy was not satisfied" (emphasis added).

The foregoing principles are equally applicable to our case and compel the conclusion that the injured party failed to proceed properly in that written notice of the claim was not timely given to the insurer. It is conceded that no notice was ever given by the insured nor was the summons and complaint in the underlying action forwarded to the carrier. While the policy is not included in the record, there is no dispute but that coverage was conditioned upon the standard provisions invariably found in liability policies, which require that (1) the insured cooperate with the insurer, (2) the insured immediately forward to the insurer any summons and complaint which had been served, and (3) written notice be given by or on behalf of the assured to the insurer or its authorized agent as soon as practicable, as soon as reasonably possible or some other similar term.

In any event, it is admitted that no written notice was given by the injured party or the insured until August, 1978, 1 year and 10 months after the accident and 1 year

and 8 months after the injured party had been apprised by the Department of Motor Vehicles of this insurance coverage. During that lengthy period, Jenkins, who clearly had knowledge of the carrier, took no affirmative action and, as far as appears, made no attempt to apprise the insurer as to the claim or the underlying suit, albeit there had been no answer served by either Burgos or Kelly. No excuse or mitigating circumstance was offered for the inordinate delay. Considering that the injured claimant knew the identity of the insurer shortly after the accident, written notice sent 1 year and 10 months after the occurrence was untimely and was insufficient compliance with the condition to coverage (see *Allstate Ins. Co. v Furman, supra;* cf. *Mason v Allstate Ins. Co.,* 12 AD2d 138, 148).

Moreover, the telephone notice, assuming such was given, was not the written notice required by the statute and by the policy and was insufficient as a matter of law (*Allstate Ins. Co. v Furman, supra; Bazar v Great Amer. Ind. Co., supra; Warren v Merchants Mut. Ins. Co., supra*).

While Special Term found that there had been oral notice, the record is silent as to substance of such notice and whether sufficient particulars were given to the insurer to conduct an investigation. All the attorney testified to was that he telephoned the claims office of American Transit, spoke to an examiner "and I informed him of this accident". The record does not reflect that the insurer was apprised of all relevant particulars as to the accident and the claim. Nor was any follow-up correspondence sent and, for almost 1 year and 8 months, plaintiffs allowed the negligence action to remain dormant, with no appearance by the insurer, before writing to the carrier on August 14, 1978. That letter amounted to a general notice as to the occurrence of the accident and a request for the service of an answer on behalf of the insured. No mention was made of any prior oral notice and it was not until after the insurer had disclaimed that counsel for the injured party claimed such earlier oral notice. While the weight of the documentary evidence dispels the conclusion of any oral notice, contrary to the testimony at trial, such notice was deficient in any event under the established law in this State.

Accordingly, the order and judgment (one paper), Supreme Court, Bronx County (WALLACE COTTON, J.), entered June 9, 1980, declaring that appellant indemnify, insure and defend its insureds in the underlying personal injury action, should be reversed, on the law, without costs or disbursements, and judgment entered declaring the rights of the parties and sustaining the disclaimer by the insurer, relieving it of its obligation to defend or indemnify its insureds.

SILVERMAN and LYNCH, JJ., concur with KASSAL, J.; ROSS, J. P., and MILONAS, J., concur on constraint of *Allstate Ins. Co. v Furman* (58 NY2d 613).

Order and judgment (one paper), Supreme Court, Bronx County, entered on June 9, 1980, unanimously reversed, on the law, without costs and without disbursements, and judgment entered declaring the rights of the parties and sustaining the disclaimer by the insurer, relieving it of its obligation to defend or indemnify its insureds.