■ NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant, v MILAGROS DIAZ, Respondent. — Judgment (denominated an order), Supreme Court, New York County (Edward J. Greenfield, J.), entered March 2, 1984, denying petitioner's application to stay arbitration of respondent's uninsured motorist claim, unanimously reversed, on the law, without costs or disbursements, the application granted and arbitration stayed pending a preliminary trial on the threshold issues of (1) the existence of insurance coverage on the alleged offending vehicle on the date of the accident, (2) the propriety of the disclaimer of insurance coverage by Allstate Insurance Company and (3) the timeliness of notice of accident from the insured and from the injured person, with Ernesto Martinez and Allstate, respectively, the owner-operator and insurer of the alleged offending vehicle, to be joined in the proceeding as party respondents.

On December 24, 1982, respondent, while operating a vehicle owned by her husband, was injured in an accident with a vehicle owned and operated by Martinez. Eight months later, on August 24, 1983, respondent's attorneys notified Allstate of the accident and the fact that a claim had been made against Martinez, its assured, enclosed a copy of the summons and complaint, and advised the insurer that they could not find Martinez at the address recorded on the police report. In response, Allstate enclosed a copy of an undated disclaimer letter sent to its assured, denying coverage under the policy because of the insured's failure to furnish timely notice of the accident and to cooperate with the insurer, as required by the terms of the policy. As a result, respondent made claim under the uninsured motorist indorsement of her policy with National Grange and, on October 18, 1983, served a demand for arbitration.

In seeking a stay of arbitration, petitioner alleged that there was insurance on the alleged offending vehicle on the date of the accident and, in support, attached a copy of the police report, which stated that the Martinez vehicle was insured by Allstate. Special Term denied the application, holding that petitioner had not satisfied its burden and did not establish evidentiary facts sufficient to warrant a stay. (*Matter of Hanavan [MVAIC]*, 33 AD2d 1100.)

We disagree. On an application to stay arbitration, petitioner has the burden of establishing the existence of evidentiary facts sufficient to conclude that there is a genuine preliminary issue, which requires a trial and justifies a stay. (*Matter of Kuhn*

[*MVAIC*], 31 AD2d 707.) As applied here and contrary to the holding at Special Term, the information contained in the police report was sufficient to require a trial on the threshold issue of the existence of insurance coverage on the alleged offending vehicle on the date of the accident. (*Cf. Matter of Country-Wide Ins. Co. [Leff]*, 78 AD2d 830; *Viuker v Allstate Ins. Co.*, 70 AD2d 295.) We have in the past considered the probative value of information in a police report (*see, Matter of Allstate Ins. Co. [Morales]*, 42 AD2d 951) and we agree that the report here was sufficient to require a trial on the threshold issue.

In opposing the application, respondent pointed to the disclaimer by Allstate based upon the failure of its assured (a) to furnish timely notice of the accident and (b) to cooperate with the insurer, as required by the policy. It is a well-established principle that, absent a valid excuse, noncompliance with the provisions of an insurance policy requiring timely written notice of an accident vitiates the contract. (*Deso v London & Lancashire Indem. Co.*, 3 NY2d 127, 129; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440; *Rushing v Commercial Cas. Ins. Co.*, 251 NY 302, 304-305.) On the meager record before us, however, we cannot ascertain whether the notice furnished to Allstate from its insured was given within a reasonable time under the circumstances. The record does not disclose either the date of such notice or the disclaimer by Allstate.

Moreover, there is a further factual issue raised by the inclusion in the record of the letter from respondent to Allstate, notifying it of the accident and the claim against Martinez. Although not raised by either party, Insurance Law § 167 (1) (c) affords the injured party an independent right to give notice of an accident, thereby satisfying the notice requirement of the policy. (*Jenkins v Burgos,* 99 AD2d 217, 221.) If the injured person proceeds diligently to ascertain the existence of coverage and to give the required notice to the insurer, he will not be charged with any delay on the part of the assured. In evaluating the timeliness of such notice, it is well established that notice by the injured party is not to be measured by the same standard as notice by the insured, since "[w]hat is reasonably possible for the insured may not be reasonably possible for the person he has injured." (*Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 568, *affd* 4 NY2d 1028.) The sufficiency of notice by an injured person is governed not by mere passage of time but by the means available for such notice. It must be shown that the injured person acted diligently in attempting to ascertain the existence of insurance coverage and, thereafter, expeditiously pursued his claim. (*See, Matter of Lloyd [MVAIC],* 23 NY2d 478, 482.)

In our case, the reasonableness of the notice cannot be resolved on this record. Thus, a trial of this additional threshold issue is necessary since, if the notice is found to be timely, it will invalidate the disclaimer by Allstate, thereby obligating the insurer to defend the insured in the underlying action. Concur — Sullivan, J. P., Carro, Fein, Kassal and Rosenberger, JJ.