■ RELIANCE INSURANCE COMPANY OF NEW YORK, Respondent, v GARSART BUILDING CORP., Appellant, and J AND J ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. PLANET INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendants.—In an action for a judgment declaring the rights and obligations of the parties under certain policies of insurance, the defendants and third-party plaintiffs J and J Associates, Louis C. Pell and County of Rockland Industrial Development Authority appeal from a judgment of the Supreme Court, Rockland County (Edelstein, J.), entered January 6, 1987, which, after a nonjury trial, (1) declared that plaintiff, Reliance Insurance Company of New York (hereinafter Reliance) had properly disclaimed coverage under its general liability insurance policy issued to the defendant, Garsart Building Corp. (hereinafter Garsart) and was not required to defend and/or indemnify Garsart in an underlying personal injury action, (2) dismissed their counterclaims against the plaintiff, (3) dismissed their third-party action, and (4) declared that the third-party defendant, Planet Insurance Company (hereinafter Planet), was not obliged to defend or indemnify Garsart under the workers' compensation and employers' liability policy issued to Garsart, and Garsart appeals, as limited by its brief, from so much of the same judgment as declared that Reliance had properly disclaimed coverage under the general liability insurance policy.

Ordered that the judgment is affirmed, with one bill of costs payable to Reliance by the appellants appearing separately and filing separate briefs.

The facts of this case were previously set forth in the prior decision of this court in *Reliance Ins. Co. v Garsart Bldg. Corp.*

(122 AD2d 128). An insured must give notice of the accident to its insurer within the time limit provided in the insurance policy or within a reasonable time under all the circumstances (see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436; Matter of Allstate Ins. Co. v Kashkin, 130 AD2d 744; Insurance Law § 3420). Absent a valid excuse, failure to satisfy the notice requirement vitiates coverage and the insurer need not demonstrate prejudice in order to disclaim coverage (Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra; State Farm Mut. Auto. Ins. Co. v Romero, 109 AD2d 786).

Here, the appellants failed to establish a valid excuse for their failure to comply with the notice requirements under the contracts of insurance. Thus, the court properly declared that Reliance and Planet were not required to defend the action.

Further, our review of the record, including the agreement between Garsart and Horace and Geraldine Hall, the plaintiffs in the underlying personal injury suit, leads us to the conclusion that the court properly found that Horace Hall was an independent contractor rather than an employee of Garsart and thus Planet was not required to defend or indemnify Garsart under the workers' compensation and employers' liability policy issued by it to Garsart (see, Matter of Morton, 284 NY 167; Felice v St. Agnes Hosp., 65 AD2d 388; Favale v M.C.P. Inc., 125 AD2d 536). Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.