◼ PHYLLIS ELMUCCIO, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent, et al., Defendant.—In an action, *inter alia,* for a judgment declaring that the Allstate Insurance Company is obligated to defend and indemnify the defendant Steven Rockman in any and all actions that may be brought against him by the plaintiff arising out of an accident which occurred on or about November 16, 1984, the defendant Allstate Insurance Company appeals from a judgment of the Supreme Court, Kings County (Williams, J.), dated October 22, 1987, which, after a nonjury trial, *inter alia,* granted the relief requested.

Ordered that the judgment is affirmed, with one bill of costs.

On November 16, 1984, the plaintiff, a pedestrian, was struck by a car owned and operated by the defendant Steven Rockman. Rockman did not give his name to the plaintiff and left before the police arrived. He made no report of the accident to the New York State Department of Motor Vehicles nor to his insurance carrier, the Allstate Insurance Company (hereinafter Allstate). The plaintiff notified Allstate of the accident on January 18, 1985, more than two months after it occurred. Allstate, through a private investigator, located Rockman, who voluntarily signed two statements detailing his

involvement in the accident. By letter dated March 7, 1985, Allstate notified the plaintiff that it was disclaiming liability based solely on Rockman's alleged failure to notify it of any claims pursuant to the instructions in its policy.

The plaintiff instituted this action, *inter alia,* for a judgment declaring that Allstate was required to defend and indemnify Rockman in the instant lawsuit. The Supreme Court granted her application. We agree with that determination.

It is well settled that an insured must give notice of an accident to its insurer within a reasonable time under the circumstances *(Reliance Ins. Co. v Garsart Bldg. Corp.,* 131 AD2d 828, 829; *see also, Merchants Mut. Ins. Co. v Hoffman,* 86 AD2d 779). An injured party may directly give notice to an insurer where the insured has failed to do so *(Jenkins v Burgos,* 99 AD2d 217). In such a case the timely notice requirement will not be applied as strictly against the injured party as it would be against the insured *(National Grange Mut. Ins. Co. v Diaz,* 111 AD2d 700, 701). Under the circumstances of the instant case, involving a hit-and-run accident where the plaintiff did not know the identity of the defendant Rockman, the plaintiff's diligence in ascertaining his identity and insurance coverage and notifying Allstate could be found by a rational trier of fact to be reasonable.

Where an insurer disclaims liability to its insured on the ground of failure to comply with the conditions of the policy in the event of an accident, and lack of cooperation, the burden is upon the insurer to demonstrate, *inter alia,* that the attitude of the insured after his cooperation was sought was one of " 'willful and avowed obstruction' " *(Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168; *Matter of Statewide Ins. Co. v Ray,* 125 AD2d 573). Allstate has failed to meet this burden. As soon as he was located, the defendant Rockman voluntarily signed two statements detailing his involvement in the accident. Under these circumstances, Rockman's mere nonaction cannot "be escalated into a finding of ' "willful and avowed obstruction" ' " *(Matter of Statewide Ins. Co. v Ray, supra,* at 574, quoting from *Thrasher v United States Liab. Ins. Co., supra,* at 168).

Furthermore, even if Allstate could have validly disclaimed based upon a late notice by the plaintiff, the failure here by Allstate to raise this ground in its disclaimer letter to the plaintiff's attorneys precludes its consideration *(see, Fabian v MVAIC,* 111 AD2d 366, 367).

We have examined Allstate's other contentions and find

them to be without merit. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.