■ EVEREADY INSURANCE COMPANY, Appellant, v JULIUS CHAVIS et al., Respondents.—In an action for a judgment declaring that the plaintiff Eveready Insurance Company has no obligation to defend or indemnify its insured the defendant Julius Chavis in an underlying action brought against him by the defendant Richard Bucco to recover damages with respect to an accident which occurred in July 1984, Eveready Insurance Company appeals from an order of the Supreme Court, Kings County (Lodato, J.), dated January 14, 1988, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and it is declared that the plaintiff is not obligated to defend or indemnify Julius Chavis with respect to the accident which occurred in July 1984.

In this declaratory judgment action, the plaintiff Eveready Insurance Company (hereinafter Eveready) seeks a judgment declaring that it is not obligated either to defend or indemnify Julius Chavis in the underlying negligence action brought against him for the injuries suffered by Richard Bucco, when Bucco's motorcycle and a car owned and operated by Chavis collided on the Belt Parkway on July 9 or 10, 1984. On the date of the accident, Chavis's vehicle was insured by Eveready. Eveready disclaimed coverage, relying, inter alia, upon the failure of its insured and/or the injured party to promptly notify it of the accident as required by the insurance policy. The underlying negligence action is being defended by attorneys provided by Eveready.

The first written notice of the accident given to Eveready was a letter from Bucco's attorney dated July 18, 1985. The sole issue on appeal is whether the injured party's notice of the accident to the alleged tort-feasor's insurer was untimely, as a matter of law, and, therefore, constituted a breach of the notice provision of the policy.

It is a well-established principle that the failure to comply with provisions of an insurance policy requiring timely notice of an accident vitiates the contract both as to the insured and to the one injured or damaged by his acts *(Deso v London & Lancashire Indem. Co.,* 3 NY2d 127, 129; *Jenkins v Burgos,* 99 AD2d 217, 219). Here, the policy provision required that Eveready "be notified promptly of how, when and where the accident * * * happened". Policy provisions containing like terms, such as "immediate notice", "notice as soon as practicable" and "notice as soon as reasonably possible", have all been interpreted to require that notice be given within a reasonable time under the circumstances *(see, Jenkins v Burgos, supra,* at 219, 220). Insurance Law § 3420 (a) (3) (formerly Insurance Law § 167 [1] [c]), gives the injured party an independent right to give notice of the accident and to satisfy the notice requirement of the policy. "If the injured person proceeds diligently to ascertain the existence of coverage and to give the required notice to the insurer, he will not be charged with any delay on the part of the assured. In evaluating the timeliness of such notice, it is well established that notice by the injured party is not to be measured by the same standard as notice by the insured, since '[w]hat is reasonably possible for the insured may not be reasonably possible for the person he has injured.' *(Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 568, *affd* 4 NY2d 1028.) The sufficiency of notice by an injured person is governed not by mere passage of time but by the means available for such notice" *(National Grange Mut. Ins. Co. v Diaz,* 111 AD2d 700, 701; *see also, Jenkins v Burgos, supra,* at 221). The injured party has the burden of proving that he or his counsel acted diligently in attempting to ascertain the identity of the insurer and, thereafter, expeditiously notified the insurer *(see, Rushing v Commercial Cas. Ins. Co.,* 251 NY 302; *National Grange Mut. Ins. Co. v Diaz, supra; Allstate Ins. Co. v Manger,* 30 Misc 2d 326, 328). Ordinarily, the reasonableness of any delay and the sufficiency of the excuse offered is a matter for trial. However, absent an excuse or mitigating circumstances, the issue poses a legal question for the court *(see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127, 129-130, *supra; Jenkins v Burgos, supra; see also,*

*First State Ins. Co. v J & S United Amusement Corp.,* 67 NY2d 1044, 1046).

It is conceded on this appeal that counsel was promptly retained for the nonresident injured party and that counsel diligently procured a copy of the police report on or about December 4, 1984. The police report identified the insurance carrier for the alleged tort-feasor by the number "430". Every insurance company authorized to do business in this State is assigned an identification number used by police departments in completing accident reports. The insurance code contained in a police report is admissible proof that the alleged tort-feasor was insured (*see, Matter of American Sec. Ins. Co. v Ferrer,* 110 AD2d 503), and minimal effort would reveal the name of the insurance carrier. Eveready's insurance code is 430.

Although Bucco's attorney commenced the underlying negligence action against Chavis by service of process on February 20, 1985, in the hope that Chavis would forward the summons with notice to his insurance carrier, counsel did not attempt to ascertain the name of Chavis's insurer until approximately four months after receipt of the police report containing the insurance code. On April 26, 1985, Bucco's attorney asked the New York State Department of Motor Vehicles to conduct an insurance search on Chavis's vehicle. At the time of this request, Chavis had defaulted in appearing in the negligence action and Bucco's attorney had mailed a letter to Chavis's last known residence, advising him to contact his insurer. Within two weeks after the New York State Department of Motor Vehicles informed Bucco's attorney that Eveready insured Chavis, counsel proceeded diligently enough to press Bucco's claim by mailing Eveready written notice of the accident.

Notwithstanding the fact Eveready was promptly notified once the results of the insurance search were revealed, the law requires that an injured party should also be diligent in identifying the insurance carrier (*cf., Matter of Nassau Ins. Co. v Doyle,* 114 AD2d 899, 900; *Matter of Kauffman [MVAIC],* 25 AD2d 419). Under the circumstances of this case, the injured party's notice to Eveready was untimely as a matter of law (*cf., Matter of Acevedo [MVAIC],* 56 AD2d 817; *Matter of Kauffman [MVAIC], supra*). Thompson, J. P., Bracken and Rubin, JJ., concur.

Balletta, J., dissents and votes to the affirm the order appealed from, with the following memorandum, in which

Sullivan, J., concurs: The majority places an undue burden on the injured party. The majority would require in every case that an injured party's attorney assume that a defendant in a negligence case will not notify his insurance carrier, and therefore take immediate steps upon being retained by an injured party to learn the name of the defendant's insurance carrier and to notify it directly of the claim which is to be made.

Richard Bucco was a Sergeant in the United States Army stationed at the White House in Washington, D.C. In July 1984 he was severely injured when his motorcycle was struck by an automobile operated by Chavis. The accident occurred on the Belt Parkway in Brooklyn, so Bucco was taken by ambulance to Coney Island Hospital. Due to his injuries, he was transferred to Walter Reed Hospital in Virginia, where multiple surgeries were performed. At the time, Bucco had no knowledge as to the name, address or whereabouts of Chavis, nor did he know the address of the one eyewitness to the accident.

After Bucco was transferred to Walter Reed Hospital, an attorney was retained by Bucco's father to represent him. Bucco's extensive injuries and his hospitalization out of State made it impossible for counsel to fully investigate the case. Indeed, counsel was unable to locate the sole eyewitness until 1986. In any event, within a reasonable time after being retained, Bucco's attorney did request the police report, which he received on December 24, 1984, some five months after the accident. The police report did provide some details of the accident as well as the insurance company code number for the Chavis vehicle.

The attorney then proceeded to commence a lawsuit against Chavis and a summons with notice was served upon Chavis on or about February 20, 1985. When Chavis failed to respond, counsel wrote to him on April 22, 1985, notifying him that a default judgment would be entered and requesting that he contact his insurance company. The summons with notice was filed with the court on April 26, 1985, and, at the same time, an application was filed with the New York State Department of Motor Vehicles requesting information as to the registration of the vehicle operated by Chavis and the carrier which insured it.

The insurance information from the New York State Department of Motor Vehicles was received by Bucco's attorney on or about July 2, 1985. On July 6, 1985, a second summons with notice was served on Chavis, and on July 12, 1985

another letter was sent to him requesting that he resubmit the summons with notice to his insurance carrier. By letter dated July 18, 1985, Bucco's attorney notified Eveready Insurance Company (hereinafter Eveready) in writing that its insured, Chavis, had been involved in a motor vehicle accident with Bucco and had failed to respond to the summons with notice. The letter was received by the insurance carrier on or about July 23, 1985.

Although at first blush the delay in notifying Eveready appears to be over one year, in reality we are dealing with a seven-month delay. Eveready argues that when Bucco's attorney received the police report on December 24, 1984, he was charged with knowledge of its identity, since the police report listed the insurance code and it is a relatively simple task to ascertain the identity of a carrier by referring to a widely circulated publication of code numbers which is readily available. Therefore, it contends that there was no legal justification for the delay of seven months after the police report was received.

The attorney for Bucco contends that the delay was reasonable and that he basically did what the average prudent lawyer would do by serving a summons on the defendant Chavis within a reasonable time after receipt of the police report, with the reasonable and normal expectation that the defendant would turn the summons with notice over to his insurance company. He further contends that when this procedure did not prove fruitful, he diligently sought to obtain information from the New York State Department of Motor Vehicles and that within a few weeks of its receipt he notified Eveready.

In *Lauritano v American Fid. Fire Ins. Co.* (3 AD2d 564, *affd* 4 NY2d 1028), a delay of 13 months by the injured party in notifying the offending party's insurance company was excused where, as soon as the injured party found the name of the insurer after a diligent search, the required notice was given. The court noted: "As soon as plaintiff's attorney obtained the names of [one of the defendants'] insurers he wrote them, giving them detailed notice of the accident and offering to furnish them with the suit papers and to give them an opportunity to interpose an answer and defend on the merits. Of course, it is conceivable that plaintiff could have taken other and further steps to discover the identities of the insurance companies involved at an earlier date. There are few investigative activities, when analyzed retrospectively against the background of the known facts, that will not yield

up faster and more direct avenues to the truth—particularly when the investigation is pursued against obstructive tactics. But plaintiff's efforts must be judged by the standard of what appeared reasonable at the time. Viewed in that light, plaintiff's notice to [the] insurers immediately upon learning their identities must be deemed to have been given as soon as it was reasonably possible for him to do so" *(Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 569-570, *supra).*

In this case, Bucco's attorney notified Eveready as to the claim against Chavis within a very short period of time after he had received confirmation of the insurance company's identity from the New York State Department of Motor Vehicles. Under the circumstances of this case, the mere fact that he did not identify Eveready earlier should not be to the detriment of his client. Counsel proceeded in an entirely diligent and prudent manner, and it cannot be said that any delay in notifying Eveready was unreasonable.