■ In the Matter of the Arbitration between PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Respondent, BRIAN HART, Respondent, and INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant. (Appeal No. 1.) [609 NYS2d 714] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in concluding that the disclaimer of respondent Interboro Mutual Indemnity Insurance Company (Interboro) was invalid with respect to the injured third-party claimant, Brian Hart. Interboro presented evidence that Hart sustained injuries in an automobile accident with its insured on October 26, 1989, that its insured never notified Interboro of the accident or of the fact that Hart had commenced a lawsuit against him, and that the first notice Interboro received of the accident was on February 25, 1991, in a letter from Hart's attorney dated February 21, 1991. Hart's notice to Interboro, 16 months after the accident, was untimely as a matter of law *(see, Eveready Ins. Co. v Chavis,* 150 AD2d 332, *appeal withdrawn* 74 NY2d 844) and Hart offered no evidence at the hearing to explain or

excuse the delay. Consequently, Interboro's disclaimer was valid and the petition for a permanent stay of arbitration by Prudential Property & Casualty Insurance Company should have been dismissed. (Appeals from Order of Supreme Court, Nassau County, McCaffrey, J.—Stay Arbitration.) Present—Callahan, J. P., Pine, Lawton, Doerr and Boehm, JJ.