■ DAVIDSON AND SONS CONSTRUCTION CORP., Respondent, v AETNA CASUALTY AND SURETY COMPANY, Defendant and Third-Party Plaintiff-Appellant. BARBARA JACOBS et al., Third-Party Defendants-Respondents. [612 NYS2d 927] —In an action for a judgment declaring that Aetna Casualty and Surety Company has a duty to defend the plaintiff in the underlying personal injury action entitled *Jacobs v Davidson & Sons Constr. Corp.*, pending in the Supreme Court, Queens County, and that Aetna Casualty and Surety Company has a duty to reimburse

the plaintiff for its reasonable expenses until it undertakes to defend the underlying action, Aetna Casualty and Surety Company appeals (1) from an order of the Supreme Court, Queens County (Posner, J.), dated July 13, 1992, which denied its motion to dismiss the complaint for failure to enter an order and (2), as limited by its brief, from so much of an order and judgment (one paper) of the same court, dated July 16, 1992, as denied its motion for summary judgment dismissing the complaint and for summary judgment in the third-party action, granted the third-party defendants summary judgment, and granted the plaintiff's cross motion for summary judgment.

Ordered that the appeal from the order dated July 13, 1992, is dismissed; and it is further,

Ordered that the order and judgment dated July 16, 1992, is modified by deleting the first, second, and sixth decretal paragraphs thereof and substituting therefor a provision denying the plaintiff's motion for summary judgment, as so modified the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order dated July 13, 1992, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the order and judgment dated July 16, 1992 (see, CPLR 5501 [a] [1]).

We find that the Supreme Court erred in granting summary judgment to the plaintiff and in dismissing the third-party complaint. Although the plaintiff offered an excuse for the delay in notifying Aetna Casualty and Surety Company of the alleged accident, under the circumstances of this case, the sufficiency of the excuse should not be decided as a matter of law, but is a matter for trial (see, Jenkins v Burgos, 99 AD2d 217, 220).

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.