■ GREGG BAILER, Appellant, v GUARDIAN LIFE INSURANCE COMPANY, Respondent. [829 NYS2d 151]—

In an action to recover damages for breach of an insurance contract, and for a judgment declaring that the plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated June 16, 2005, which granted the defendant's motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment is denied.

On or about September 1, 2000 the plaintiff applied to the defendant for benefits under his disability insurance policy. He sent in claim forms alleging that in March 1999 he became totally disabled as a result of mental illness. The defendant denied the claim, stating, inter alia, that the plaintiff failed to give timely notice of his claim. Subsequently, the plaintiff commenced this action against the defendant to recover damages for breach of contract and for a declaratory judgment, asserting that he had complied with the policy's provisions, and that the defendant owed him benefits under the policy.

Following discovery, the defendant moved for summary judgment, asserting, inter alia, that the plaintiff failed to give timely notice of the claim. In opposition, the plaintiff contended that, given the circumstances of his severe mental illness, he notified the defendant of his disability claim as soon as was reasonably possible. The Supreme Court found that the record was insufficient for it to determine whether the plaintiff's alleged mental disability rose to a level such that it constituted a "legally acceptable mitigating circumstance" and reasonable excuse for the delay in giving notice of the claim. In order to resolve this factual issue, the Supreme Court scheduled a framed-issue hearing to determine "(1) whether plaintiff was able to engage in rational thought and deliberate decision making sufficient to pursue his claim for coverage, and (2) whether the delay was caused by [circumstances] other than plaintiff's alleged impairment." After the framed-issue hearing, the Supreme Court determined that the totality of the evidence did not support the plaintiff's claim of mental incapacity. Thus, the Supreme Court

granted the defendant's motion for summary judgment. This was error.

"Absent a valid excuse, a failure to satisfy the notice requirement vitiates the [insurance] policy" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). Ordinarily, the reasonableness of any delay and the sufficiency of the mitigating circumstances offered are factual issues for trial (*see Eveready Ins. Co. v Chavis*, 150 AD2d 332, 333 [1989]; *Jenkins v Burgos*, 99 AD2d 217, 220-221 [1984]; *cf. Can-Am Roofing v American States Ins. Co.*, 229 AD2d 973, 974 [1996]). Here, once the Supreme Court determined that a factual issue existed as to whether the plaintiff's alleged mental illness constituted a sufficient mitigating circumstance, the framed-issue hearing was not warranted and the motion for summary judgment should have been denied (*see* CPLR 3212 [b], [c]). Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.